### CORD FINKEN vs. THE ELM CITY BRASS COMPANY.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

73 423
73 597
73 694
73 423
77 68

A transaction and its consequences constituting but one cause of action should be stated in a single count: the use of two is unnecessary and improper.

Each of two counts in the plaintiff's complaint alleged a personal injury, due to the negligence of his employer, and also that the latter at first promised to continue to employ him but afterwards discharged him, solely because of the disability resulting from his injury. *Held* that these averments set forth but one transaction, and that a demurrer for the alleged misjoinder of two causes of action in each count—one in contract and one in tort—was properly overruled.

Under allegations setting forth the nature of the plaintiff's trade and the effect of a personal injury upon his ability to continue it, evidence of special damage is admissible, including the amount of

wages customarily paid for first-class work in that trade, and that the plaintiff had for years earned and received such wages until disabled by his injury. The fact that at one time the wages were paid on a paper instead of a gold basis, does not render the evidence inadmissible.

A manufacturer is not bound, as respects his employees, to equip his factory with the latest improvements. He is responsible to them for an omission to use reasonable care to provide them with place and appliances which are reasonably safe.

A judicial finding, if doubtful, is to be so read as to make it harmonize with the judgment, if the language used will justify that construction.

A finding that something was "the most probable cause" of an event is equivalent to a finding that it was the cause.

Upon a hearing in damages the plaintiff confined his testimony to the amount of damages he had sustained. *Held* that the trial court rightly refused to permit the defendant to develop its case on his cross-examination.

Argued October 31st—decided December 18th, 1900.

ACTION to recover damages for personal injury claimed to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County, where a demurrer to the complaint was overruled (*Shumway, J.*) and the case was afterwards heard in damages to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiff for $700 damages, and appeal by the defendant for alleged errors in the rulings and findings of the court. *No error.*

The facts and rulings are sufficiently stated in the opinion.

*Charles H. Fowler* and *Grove J. Tuttle*, for the appellant (defendant).

*Nehemiah Candee*, for the appellee (plaintiff).

BALDWIN, J. The complaint in this action was unnecessarily and improperly divided into two counts. Each alleged an injury due to the defendant's negligence, and also that the defendant at first promised to continue to employ the plaintiff, but afterwards discharged him solely because of his inability, in consequence of the injury, to do the work. A

demurrer was filed on the ground that two causes of action were set up in each count, one in contract and one in tort. This was properly overruled. The complaint stated a single transaction and its injurious consequences. How injurious to the plaintiff these were was indicated by the defendant's refusal, on account of them, to retain him in its employment. This was, indeed, matter of evidence which there was no occasion to plead, but that objection was not assigned as cause of demurrer.

The complaint states that the plaintiff is a pattern-maker, who was earning his living by that trade, and was employed by the defendant; that it set him to work at a circular saw, which was defective; that it knew or ought to have known of the defect, but he did not and had no means of knowledge; that owing to the defect the gauge gave way, and his thumb was shaved off; and that, by reason of this, he is no longer able to pursue his calling. Under these averments he was allowed to adduce evidence of the effect of the loss of a thumb on the earning power of a pattern-maker, and its effect in his own case in disabling him from doing the kind of pattern work in which he had previously been engaged.

The finding of the Superior Court is that such proof was admitted to show "the extent of the injury, but not as a measure of damage from loss of earnings during incapacity to work;" and that the judgment rendered in his favor includes the damages incident to the probable diminution in his future earnings, but "nothing as special damages." The defendant contends that any diminution in the plaintiff's earning capacity as a pattern-maker would necessarily be special damages, and therefore that there was error in allowing it to be proved. The premise is correct, but not the conclusion. The nature of the plaintiff's trade had been specially averred, and the effect also upon his ability to pursue it of the injuries received. Nothing more was required to justify proof of the extent to which he was thus specially damaged, and, in showing that, it was proper to inquire what wages pattern-makers customarily receive for the best paying kind of work in that trade, and that he had previously been able and accus-

tomed to do such work, but could no longer. The complaint fairly apprised the defendant of what in this respect it must be prepared to meet.

The plaintiff had practiced his trade since 1865. There was no error in allowing him to show this, and also the wages he had earned each year. That wages were on a paper basis in the early years of this period, instead of on a gold basis, as during the rest of it, did not render this evidence inadmissible, but simply gave an occasion for cross-examination or explanation in defense.

The court finds that the gauge slipped because it was held in place by an attachment screwed into a wooden frame, and the screw holes had become so enlarged by use that the screws did not hold; that adequate inspection would have disclosed this defect in the holes, and ordinary diligence required such inspection on the part of the defendant; that this slipping of the gauge was the most probable cause of the accident; and that the plaintiff, who had never been set at work at this particular saw before, used ordinary diligence, which, under the circumstances, meant great care, in setting the gauge and tightening the screws, and was not bound to examine the screw holes nor chargeable with any contributory negligence, but that his injury resulted from the negligence of the defendant in failing to make the proper inspection, and yet ordering the plaintiff to use a saw which had not been so inspected, and was not adapted to the work which he was set to do. With reference to the last point, it is further found that gauges held in place by screws on wooden frames are old-fashioned and have been superseded in well-conducted shops by those held by screws going into metal, and that when the latter are used there is no danger of any slipping.

The defendant insists that the judgment was thus rested in part on its failure to equip its factory with the latest improvements. If so, it could not be supported; for one who enters the factory of another must take it as he finds it, and can only hold his employer responsible for an omission to use reasonable care to provide him with place and appliances which are reasonably safe. *Hayden* v. *Smithville Mfg. Co.,*

29 Conn. 548; *McElligott* v. *Randolph*, 61 Conn. 157. But we do not construe the reference in the finding to the fact that the saw was unadapted to the work required, as intended to specify that as an independent ground of recovery. It is mentioned to indicate the fault, in omitting the proper inspection of a frame which, because it was of a particular and unusual description, was peculiarly in need of frequent and close examination. A judicial finding is not to be construed by the rule, *Verba contra proferentem fortius accipiuntur.* On the contrary, if the meaning is doubtful, it should be so read, if the words used may fairly justify it, as to make it harmonize with the judgment.

The finding that the slipping of the gauge was "the most probable cause of the accident," was equivalent to a finding that it was the cause. *Hoyt* v. *Danbury*, 69 Conn. 341, 348, 349.

There is nothing in any of the subordinate facts detailed in the finding inconsistent with the ultimate conclusions as to the negligence of the defendant, and the absence of it on the part of the plaintiff. *Peltier* v. *Bradley, Dann & Carrington Co.*, 67 Conn. 42, 49.

The complaint alleged that the plaintiff had no knowledge nor means of knowledge of the defective condition of the saw. The statutory notice filed by the defendant, as to what it would controvert upon the hearing in damages, included these allegations. It sought to bring out, by a cross-examination of the plaintiff, when in opening his case he testified as to the amount of his damages, that he had used the saw in question before the day of the accident. That fact, if fact it were, had no relevancy to the amount of damages he had sustained, and the question designed to elicit it was, therefore, rightly excluded. It was part of the defendant's case, and the time to put that in had not arrived.

Other exceptions to rulings as to matters of evidence were taken; but they are untenable, and have not been pressed in argument.

There is no error.

In this opinion the other judges concurred.