LINDSLEY TAPPIN *vs.* THE RIDER DAIRY COMPANY.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued February 6th—decided April 3d, 1935.

*Arthur B. O'Keefe* and *James M. Kelly,* with whom, on the brief, were *Harry M. French* and *Douglas B. Johnson,* for the appellant (defendant).

*Leslie N. Davis,* for the appellee (plaintiff).

BANKS, J.   On August 15th, 1931, plaintiff was driving a Cadillac sedan in a northerly direction in the town of Brookfield, on the Danbury and New Milford highway, behind a refrigerator truck of the defendant which was being driven by its agent in the same direction.   The plaintiff's car was proceeding somewhat faster than the truck and started to pass it.   The plaintiff claimed that he sounded his horn as a signal of his intention to pass, that the truck thereupon moved to its right, but that when plaintiff proceeded to pass the truck it suddenly and without warning turned to its left at a sharp angle into the path of his car. The plaintiff applied his foot brake and then his emergency brake.   There was a descending grade of about five per cent in the direction in which the vehicles were proceeding, it had been raining, and the concrete surface of the road was wet.   Upon the application of the emergency brake the plaintiff's car skidded, ran into a bank on the west side of the highway, turned on its side, righted itself and proceeded across the highway coming to a stop on the easterly edge of the highway facing east.   The defendant claimed that the driver of its truck saw plaintiff's car in his mirror as he was gradually edging over to the west side of the road for the purpose of entering the driveway of an inn which

stood on that side of the road, that he extended his left hand from the cab of his truck and continued to hold it in this position until after the accident; that when he saw plaintiff's car gaining rapidly he pulled back on his right-hand side of the road, that when opposite the inn he heard a "bang," and then drove across the road and stopped on the west side of the road. The defendant claims error in the charge of the court, a ruling on evidence and the denial of its motion to set aside the verdict.

One assignment of error attacks a portion of the charge dealing with the inferences which the jury may draw from so-called physical facts which they may find to exist. In connection with this assignment the defendant filed in this court an application for a rectification of the appeal, so that it should state that defendant's counsel claimed in argument that the physical facts in the case corroborated the evidence offered by it. In an answer to the application, the plaintiff admitted that defendant's counsel made such claim in argument, and the finding is corrected to so state. In this assignment the defendant claims error in a single sentence of the charge which reads as follows: "You can draw inferences from physical facts only when these physical facts are established beyond question in the evidence." Standing alone, it would be difficult to justify this statement of the proof required to establish any fact in a civil action. However, we examine a charge "to see if it fairly presents the case to the jury in such a way that injustice was not done under the rules of law to the legal rights of either litigant," and, if that appears, a single erroneous statement in the charge does not necessarily constitute reversible error. *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.*, 102 Conn. 735, 741, 130 Atl. 102; *Smart* v. *Bissonette*, 106 Conn. 447, 453, 138 Atl. 365. The defendant's

claim that this sentence in the charge placed upon it the burden of proving the physical facts claimed by it beyond a reasonable doubt is without merit. The context makes it clear that the court was here referring, not to facts which the defendant claimed to have proved, but, on the contrary, to physical facts which were so inconsistent with the version of the accident given by its driver as to justify the jury in questioning the credibility of his testimony. In view of the tenor of the charge as a whole it would be extremely unlikely in any event that the jury would be mislead by the incidental use of the words "beyond question." The record suggests, and nothing indicates to the contrary, that the physical facts to which the trial court was referring were in fact undisputed. It does not appear that the use of these words could have been harmful to the defendant.

The defendant also criticises the statement in this portion of the charge that the conduct of the driver of the truck ought to be scrutinized as to what credibility should be given to his evidence in the light of the physical facts. The trial court evidently was of the opinion that the testimony of the truck driver ought, in order to weigh it properly, to be tested by the physical facts proven, and nothing in the record indicates that this was not so. Under these circumstances it was certainly within the court's discretion to point that fact out to the jury. *DiMaio* v. *Yolen Bottling Works,* 93 Conn. 597, 603, 107 Atl. 497; *Schiesel* v. *Poli Realty Co.,* 108 Conn. 115, 124, 142 Atl. 812.

One of the allegations of negligence in the complaint was that the driver of the truck did not keep a constant observation of the approach of vehicles from the rear. In its discussion of this specification of negligence the court said that the statute required that each motor vehicle should be equipped with a mirror so

adjusted as to give the operator a view of the highway directly to the rear, and that the operator of a commercial motor vehicle so constructed that he is prevented from having a free and unobstructed view to the rear shall by means of such mirror keep a constant observation of the approach of vehicles from the rear. The court charged the jury that it was for them to determine to what extent the view of the driver was obscured and whether or not defendant's truck was of the type described in the statute, and whether or not it was equipped with a mirror. The defendant claims that it was error to submit to the jury the question of whether the driver's view was obscured since, though the truck was a refrigerator truck, seven feet wide with a closed body, it was equipped with a mirror, and there was no evidence that his view was obscured. The court was here submitting to the jury the question of whether the truck was so constructed as to obstruct the view of the driver to the rear and thus require its equipment with a mirror under the terms of the statute, and there was no suggestion in the charge that with the use of the mirror his view to the rear was obscured. Nor was it error to submit to the jury the question of the violation of this statute on the ground, as claimed by the defendant, that there was no question before the jury as to faulty or defective construction of the truck. Compliance with the statute was definitely in issue under this specification of negligence.

The complaint contained the following allegation: "The plaintiff is a broker and has lost time from his business for a period of almost a year and will in the future be obliged to suffer business loss on account of said accident and negligence of the defendant's agent aforesaid." The plaintiff offered evidence that he was a member of a brokerage firm in New York, with which

he had a contract guaranteeing him $24,000 a year, that his duties as representative of the firm upon the floor of the Stock Exchange required quickness in writing down orders and moving about rapidly on a crowded floor, and that because of his injuries and his consequent inability to perform such services his contract with the firm was terminated on March 1st, 1932. The defendant objected to this evidence upon the ground that it was evidence of special damages which were not alleged in the complaint. The court ruled that there was no sufficient allegation of any business loss prior to the date of the complaint, which was July 15th, 1932, but admitted the evidence in proof of a business loss suffered subsequent to that date. Damages resulting from loss of earning power are special damages and must be pleaded in order to be recoverable. An allegation that the plaintiff was prevented from following his ordinary business merely characterizes the extent of the injury suffered. It does not give the defendant notice of a claim for loss of earning power, nor permit proof of such loss. *Smith* v. *Whittlesey,* 79 Conn. 189, 63 Atl. 1085; *Eckert* v. *Levinson,* 91 Conn. 338, 341, 99 Atl. 699. But an allegation of the nature of the plaintiff's trade or business, and of the effect of a personal injury upon his ability to continue it, sufficiently apprises the defendant that a claim will be made for special damages of that nature. *Finken* v. *Elm City Brass Co.,* 73 Conn. 423, 425, 47 Atl. 670. The court having ruled that the allegation that the plaintiff had lost time from his business for a period of almost a year was insufficient as an allegation of special damages for loss of earning power, the evidence objected to was offered and received in proof only of such loss as the plaintiff had suffered since the date of the complaint under the allegation that his business was that of a broker and that he would in the

future be obliged to suffer business loss as the result of his injuries. The evidence was properly received for the limited purpose for which it was offered. The allegation that the business of the plaintiff was that of a broker and that he would in the future suffer a business loss was sufficient to apprise the defendant that it must be prepared to meet proof of such loss resulting from the effect of plaintiff's injuries upon his earning power. In the absence of a motion to make the complaint more specific, the plaintiff was not bound to allege the extent of the loss or the precise manner in which it occurred.

The charge of the court with regard to the plaintiff's claim of business loss was unexceptionable. It told the jury that they were to endeavor to ascertain what loss of income directly resulted from the accident, eliminating conjecture and speculation, and limited his recovery upon that score to the difference between his fair earning ability before the accident and what he was able to earn thereafter.

The court did not err in denying the defendant's motion to set aside the verdict as against the evidence. The jury could reasonably have found that the plaintiff was traveling at between thirty and thirty-five miles an hour on a road twenty feet wide, that he sounded his horn as he was overtaking defendant's truck which then started to pull to the right, but as plaintiff was about to pass turned sharply to the left; that plaintiff, in that emergency, applied his brakes which caused his car to skid and leave the road. The question of the plaintiff's contributory negligence as well as that of the negligence of the defendant was one of fact for the jury.

There is no error.

In this opinions the other judges concurred.