## ERNEST E. SCHURER
*vs.*
## MODESTO D'ADDARIO ET AL.

Superior Court　　　New Haven County　　　File No. 58166

MEMORANDUM FILED JULY 12, 1940.

*Dennis T. O'Brien, Jr.*, of Meriden, for the Plaintiff.

*Cornelius J. Danaher*, of Meriden, for the Defendants.

INGLIS, J. On May 20, 1939, the plaintiff, who was employed by the defendant William Raven as a farm hand, had been planting potatoes in a field owned by said defendant in

Wallingford. Prior to that time, the defendant Raven had leased to the defendant D'Addario, some of his land in the neighborhood of that field for an amusement park and D'Addario was engaged in clearing a portion of the land of tree stumps and rocks preparatory to building a dam. During the afternoon of that day, one Rocco Petruzzelli, who was engaged in the business of blasting and who had been hired by D'Addario as an independent contractor, was carrying on blasting operations on the land leased to D'Addario.

At about 4 o'clock Petruzzelli set off a blast on a large rock. The top of that rock was nearly level with the surface of the land except that on the west side of the rock it was exposed to a height of six or seven inches. The blast was prepared by laying dynamite on the top of the stone and covering that with a mud pack. This was a standard method of preparing such a blast, except that that portion of the stone which stood above the level of the ground should have been covered by logs or some other material to prevent pieces of rock from flying. The locality in which the stone was situated was undeveloped country. The nearest buildings and highway were about 1,000 feet away.

At the time the blast went off, the plaintiff was standing in the potato field at a point more than 400 feet easterly or northeasterly of the rock and a thick growth of trees was in between. Neither D'Addario, who was present at the scene of the blasting, nor Petruzzelli knew of the presence of the plaintiff although just prior to the blast D'Addario had gone to a driveway which passed by the potato field and ran by the point of blasting at about 150 to 200 feet therefrom, and looked around to make sure that no one was in the neighborhood. His vision of the plaintiff at that point was obscured by the trees. Neither D'Addario nor Petruzzelli had any reason to suspect that the plaintiff was in the neighborhood.

When the blast was set off, a large piece of the stone weighing about three pounds was hurled through the air and struck the plaintiff on the left hip, causing serious injury. The cause of the plaintiff's injuries was the negligence of Petruzzelli in failing to cover properly the exposed part of the stone to prevent its flying. The defendant D'Addario was not personally negligent in any particular.

Where an independent contractor is negligent, his contractee is not liable for that negligence even though it occurs in the

use of a highly dangerous explosive. *Alexander vs. Sherman's Sons Co.*, 86 Conn. 292, 300. The operation of blasting with dynamite is intrinsically dangerous, but when done by an independent contractor his contractee is liable for injuries caused thereby only if the contract calls for it to be done under such circumstances that if it is done reasonably and with ordinary care it still would necessarily and obviously expose others to injury to person or property. *Murphy vs. Ossola*, 124 Conn. 366, 372; *Welz vs. Manzillo*, 113 id. 674, 682; *Worth vs. Dunn*, 98 id. 51, 60; *Alexander vs. Sherman's Sons Co.*, 86 id. 292, 298; *Norwalk Gaslight Co. vs. Borough of Norwalk*, 63 id. 495, 527. Whether the contemplated use of dynamite is to be under such circumstances that its reasonable use under those circumstances would necessarily and obviously expose others to danger is a question of fact. *Murphy vs. Ossola*; *Welz vs. Manzillo*, both *supra*.

In the present case it is found that the use of the dynamite contemplated in the contract between D'Addario and Petruzzelli in such open country was under such conditions that if it were properly used it would not necessarily and obviously expose others to danger. It is, therefore, concluded that the defendant D'Addario is not liable.

The case against the defendant Raven rests on the claim that, as an employer, he failed to use reasonable care to provide a reasonably safe place in which the plaintiff was to work. *Finken vs. Elm City Brass Co.*, 73 Conn. 423; *McElligott vs. Randolph*, 61 id. 157. It does not appear that the defendant knew that the blasting was being done on the afternoon in question and indeed, if he had, that a reasonably prudent person in his place would have anticipated injury to his employee in a field over 400 feet away. Raven had a right to assume that the blasting operations, if he had known of them, would be carried on with reasonable care. Accordingly, it cannot be found that Raven failed to use reasonable care to provide a reasonably safe place for his employee to carry on his work.

Judgment may enter for the defendants to recover of the plaintiff their taxable costs.