LUMINA M. ARBOUR
*vs.*
SAMUEL GOLDMAN ET AL.

Superior Court        Hartford County        File No. 61129

MEMORANDUM FILED NOVEMBER 30, 1940.

*Edward S. Dragat,* of Hartford, for the Plaintiff.

*Halloran & Sage,* of Hartford, for the Defendants.

CORNELL, J.   No detailed discussion of the evidence relating to the question of liability is called for.  It is found that the plaintiff's injuries were proximately caused by negligence of the defendant Philip Goldman within the comprehension of paragraph 9 of the complaint and that immediately before and at the time of the collision the plaintiff was free from contributory negligence; likewise that Philip Goldman was the agent and servant of the defendant Samuel Goldman in operating the latter's motor vehicle when the accident occurred.

That the plaintiff's injuries were productive of much and intense pain and suffering for a period is hardly disputable under the evidence.  It is concluded that she sustained a sprain of the muscles and ligaments in the right cervical region and one of the same character but of less seriousness in the right lumbar and right sacro-iliac territory; that this necessitated her remaining in bed almost entirely for a period of four weeks next following the accident and with less continuity during the succeeding two weeks.  While without doubt the plaintiff was subjected to more or less pain and discomfort after she ceased to be bedridden, there is a conflict of probabilities both as concerns the duration of such period and its effect upon plaintiff's capacity to perform her household duties and those which she discharged in connection with her husband's business.  Thus, on August 25, 1939, her attending physician found that symptoms of her head injury had all

disappeared, as had a nervous condition caused by her experi' ence and that her complaints then consisted of some pain in the back and headache; to another physician she recounted on July 22, 1939, that she felt very well so far as effects of her head and neck injuries were concerned but was still nervous in traffic and the victim of occasional headaches of generalized character which that doctor regarded as "not particularly troublesome." To him she made no mention of discomfort in her lower back. Support is lent to these conditions by the findings of her own orthopedist as a result of an examination made on October 1, 1939, which disclosed thàt she then had a full range of motion of her neck and shoulders; that her standing posture was fairly good (considering the congenital condition in her lower back); that she could bend forward so that her finger tips touched the mid portion of each lower leg and that her movements on lateral and backward bending were free. The only untoward conditions then revealed were a tender area at the point of muscle attachment at the right occipital base and in the right lower lumbar regions just to the right of the sacro-iliac joint—neither of which, however, it is found, were incapacitating.

It is the conclusion, therefore, that as of July 22, 1939, plaintiff was able without disabling pain or discomfort to perform her duties as a housewife in the small apartment where she and her husband resided and likewise those of a stenographer and bookkeeper in her husband's concern, as well as to operate an automobile to the extent required of her. Parenthetically, it is noted that paragraph 7A of the complaint is construed to allege a source of damage resulting from lack of earning power. *Tappin vs. Rider Dairy Co.,* 119 Conn. 591, 597. It is found that in the period between the date of the accident and July 22, 1939, there was ex' pended for household help the sum of $80; that due to her incapacity throughout that period; the plaintiff was unable to perform duties in connection with her husband's business whereby she lost the sum of $150; that she expended or be' came obligated so to do for medical care, X-rays and medicines, a total of $89.

The pain to which plaintiff was subjected was intense and constant for about two weeks, but its acuteness gradually sub' sided during the ensuing month. For this item and for head' aches and such nervousness and occasional discomfort as she

has since experienced there is allowed the sum of $1,200.

Judgment will enter in favor of the plaintiff against both defendants to recover the sum of $1,519.