FRANK NISTICO *v.* RICHARD C. STEPHANAK ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued November 3, 1953—decided January 5, 1954

*Edgar W. Krentzman,* for the appellants (defendants Bottone).

*Robert E. Courtney, Jr.,* for the appellants (defendants Vort).

*Leo Nevas,* with whom, on the brief, were *Morris Robinson* and *Howard Benedict,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought an action against the defendants The Lordship Railway Corporation, Joseph B. Erbe, Richard C. Stephanak, Fiore and Lester Bottone (doing business as Bottone Brothers), and Paul W. and Alan H. Vort, claiming damages for injuries sustained on September 26, 1948, in an automobile accident on the Merritt Parkway, which occurred because of the claimed negligent operation of the respective automobiles of these defendants. He withdrew his action against the defendants Erbe and The Lordship Railway Corporation and proceeded to trial against the defendants Stephanak, Bottone and Vort. The jury returned a verdict in favor of the plaintiff against the defendants Bottone and Vort and in favor of the defendant Stephanak. Motions of the defendants

Bottone and Vort to set aside the verdict were denied by the trial court. These defendants have appealed, claiming error in the denial of their motions to set aside the verdict against them. The defendants Vort also claim error in the instructions given by the court to the jury on the question of damages.

The jury could reasonably have found the following facts: The plaintiff was a passenger, riding on the right-hand side of the front seat of a car owned by the Bottones and driven by Fiore Bottone. They were proceeding in an easterly direction along the Merritt Parkway in the town of New Canaan. The weather was clear, the road was dry, the time was in the early evening between dusk and dark. Traffic was so heavy that the cars had to come to a standstill from time to time. The Bottone car was traveling fifteen to twenty feet behind the Stephanak car. The Vort car, driven by Alan Vort, was following the Bottone car at a distance of thirty to fifty feet. They were proceeding over the left or northerly lane of the eastbound portion of the parkway. There was a line of cars in the right or southerly lane. There were at least two other cars in line immediately ahead of the Stephanak car, and one car right behind the Vort car. Just before the accident the line of cars was moving at a speed of from forty to fifty miles an hour. The two cars in front of the Stephanak car came to a stop. Stephanak brought his car to a sudden stop behind them but the Bottone car could not stop quickly enough to avoid hitting the Stephanak car in the rear. This precipitated a series of front and rear-end collisions between the cars following. Almost instantaneously, the Bottone car was struck by the Vort car, and then, after an appreciable interval, the Vort car was struck by another automobile driven by Cleo Monk. The plaintiff was

thrown forward against the windshield of the car in which he was riding and then backwards into the rear seat.

The case presented questions of negligence and proximate cause. These are questions of fact if there is any evidence reasonably justifying their submission to the jury. *Mastorgi* v. *Valley View Farms, Inc.*, 138 Conn. 313, 315, 83 A.2d 919; *Colligan* v. *Reilly*, 129 Conn. 26, 29, 26 A.2d 231. They are questions of law only when the state of the evidence is such that the minds of fair and reasonable men could reach but one conclusion. *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 591, 53 A.2d 296; *McDowell* v. *Federal Tea Co.*, 128 Conn. 437, 440, 23 A.2d 512. The speed of the automobiles and their proximity to one another, under the traffic conditions existing at the time, presented a situation where reasoning minds might differ as to what constituted reasonable care on the part of each driver. The jury might reasonably have concluded that the combined negligence of both drivers, Fiore Bottone and Alan Vort, was the proximate cause of the plaintiff's injuries. The trial court did not err in denying the defendants' motions to set aside the verdict.

The defendants Vort also claimed that the court erred in instructing the jury concerning the plaintiff's right to recover damages for loss of earning capacity. They argue that the plaintiff made no claim in his complaint for loss of earning capacity but only for loss of income from his business, and that there was no evidence of what the loss was. The complaint alleged that the plaintiff "was engaged in conducting a restaurant business and, by reason of said injuries, he was unable to attend to said business and lost his income therefrom . . . ." He

claimed to have proved that he owned a restaurant which he operated with the assistance of his family and without any employees; that he worked twelve to fourteen hours a day, and his earning capacity was $80 a week; that he was totally incapacitated for four months and partially incapacitated thereafter up to the time of the trial; and that this made it necessary for him to employ others to do his work. An allegation that the plaintiff is engaged in a particular kind of work or business, and that his injuries have prevented him from continuing it, is a sufficient allegation of damages for time lost or for loss of earning capacity. *Tappin* v. *Rider Dairy Co.*, 119 Conn. 591, 597, 178 A. 428; *Hayes* v. *Morris & Co.*, 98 Conn. 603, 605, 119 A. 901; *Finken* v. *Elm City Brass Co.*, 73 Conn. 423, 425, 47 A. 670. In the light of the plaintiff's allegations and claims of proof, the court's instructions that, if the injury directly impaired the plaintiff's earning capacity, he could recover the amount of his loss, that a common method of showing one's earning capacity was to show what his earnings were during a certain period, and calling the attention of the jury to the plaintiff's testimony as to his weekly income or earnings from his business, were proper. *Comstock* v. *Connecticut Ry. & Lighting Co.*, 77 Conn. 65, 68, 58 A. 465.

There is no error.

In this opinion the other judges concurred.