BEATRICE ALBERT *v.* LEE CIRCLE, INC., ET AL.

SYLVIA PERLROTH *v.* LEE CIRCLE, INC., ET AL.

FLORENCE SUPOWITZ *v.* DAVID LONERGAN ET AL.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued December 9—decided December 22, 1971

*Alexander Winnick,* with whom were *Benjamin D. Levine* and *Robert J. Engelman,* and, on the brief, *William S. Nathanson,* for the appellant (plaintiff) in each case.

*Dominic P. DelSole,* for the appellee (defendant Lee Circle, Inc.) in each case.

RYAN, J. These three cases were tried together and the appeals to this court were combined. Practice Book § 606. Each plaintiff alleged in her complaint that she was injured through the negligence of the defendant David Lonergan in the operation of an automobile which was owned by the defendant Lee Circle, Inc., hereinafter referred to as Lee, and that Lee was negligent in that it furnished an Oldsmobile sedan to the defendant Lonergan for use by him on the highways when it knew or should have known that it was equipped with defective and inadequate brakes in violation of § 14-80 (a) of the General Statutes.

The jury rendered verdicts for the plaintiff in each case against the defendant Lonergan and in favor of the defendant Lee. From the refusal of the trial court to set aside the verdicts and judgments for the defendant Lee, the plaintiffs have appealed to this court.

The plaintiffs claimed to have proved the following facts: On January 31, 1964, at about 1:30 p.m., the plaintiff Beatrice Albert was operating her Ford sedan in a southerly direction on Race Brook Road in the town of Orange. The plaintiffs Sylvia Perlroth and Florence Supowitz were passengers in her car. The defendant Lonergan was operating an Oldsmobile sedan owned by the defendant Lee on Race Brook Road in a northerly direction. When the Oldsmobile sedan arrived at a point on Race Brook Road in the vicinity of Race Brook Terrace, it swerved to the left, crossed the highway and collided with the Ford sedan in which the plaintiffs were riding in the southbound lane. The road surface was dry. Prior to January 31, 1964, Lonergan had purchased a car from the defendant Lee and made a verbal agreement with Lee that while work was being done on his car it would provide him with another car for his own use if one was available. On January 30, 1964, the evening before the accident, Lonergan brought his car to Lee for repairs and the service manager gave him a 1964 Oldsmobile sedan to use while the work was being done. That evening and the following morning while driving the Oldsmobile, it appeared to him that it pulled to the left and that the front end went down when the brakes were applied. It was necessary to hold the wheel to the right, otherwise the car would pull to the left on the application of the brakes. On January 31, 1964, Lonergan went to the Lee repair shop, told the service manager that the brakes were not functioning properly and, in fact, were "lousy." The manager told him that this was the only car available, whereupon the defendant Lonergan left the Lee repair shop and drove north on Race Brook Road. He passed a car, returned to his own lane,

realized there was a car stopped or one which appeared to be stopping to make a left turn on Race Brook Terrace, applied his brakes and lost control of the car. He did not turn or steer his car to the left. When he applied his brakes, the front end of the car went down, the car acted violently and went to the left. The braking of the front-end system caused him to lose control of the car. Earlier that day when Lonergan told the service manager of the condition of the brakes, the manager made no inspection of the brakes nor did he offer to have the car checked. Lonergan was aware that the car had faulty brakes and drove it accordingly.

The plaintiffs assign error in the court's refusal to grant the following request to charge on the issue of concurrent negligence: "Where a person is injured and the negligence of two persons is claimed to have been involved in the production of the accident causing the injury, the negligent act of one does not relieve the other from liability, if he could have avoided the injury by acting as a reasonably prudent person under the circumstances. Thus, if you should find in this case that the defendant Lonergan was negligent and if you should find that the defendant Lee Circle, Inc. was negligent by virtue of its having furnished the defendant Lonergan with a motor vehicle equipped with defective or inadequate brakes and that the negligence of both operated in conjunction to cause injuries to the plaintiffs, then [the] plaintiffs would be entitled to recover against both defendants, Lee Circle, Inc. and David Lonergan, because the law is that if the negligence of two or more persons joined to produce an injury, each may be held liable for the whole injury." See *Corey* v. *Phillips,* 126 Conn. 246, 254, 10 A.2d 370; *Boileau* v. *Williams,* 121 Conn. 432, 440, 185 A. 429.

The court charged the jury, in pertinent part, as follows: "Before you can hold the defendant Lee Circle, Inc. responsible, you must first find that the foreman allowed the defendant David Lonergan the use of the car with defective brakes, to be operated by him at the time and place where the accident occurred. Before you can find that the defendant Lee Circle, Inc. [is] liable, you must find first that the brakes were defective at said time and place when the accident occurred and that said defective brakes were the sole proximate cause of the accident and the injuries resulting thereby." The plaintiffs duly excepted on the ground that the charge of the court was erroneous on the issue of concurrent negligence.

Negligence, in order to render one liable, need not be the sole proximate cause of an injury. When two causes combine to produce injuries, one is not relieved from liability because he is responsible for only one of them. The negligence of two or more persons may concur, and each be liable. It seems obvious that the trial court confused the rule of concurrent negligence by two defendants with the rule of concurrent negligence in the case of a defendant and a plaintiff. *Sullivan* v. *Krivitsky,* 100 Conn. 508, 511, 123 A. 847. The charge was, therefore, erroneous.

We note that the defendant Lonergan did not appeal from the judgments of the trial court nor did the defendant Lee attack the validity of the verdicts on the ground that they were excessive. In remanding a jury case this court can restrict the issues to be tried. These cases are appropriate for the exercise of that power. *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343, 160 A.2d 899; *Koops* v. *Gregg,* 130 Conn. 185, 195, 32 A.2d 653.

There is error, the judgment in each case is set aside and a new trial is ordered solely on the issue whether the defendant Lee Circle, Inc., is concurrently liable in negligence with the defendant Lonergan to the plaintiffs; if, on this issue, a verdict is returned finding it liable, judgment is to be rendered that the plaintiff in each case recover of the defendant Lee Circle, Inc., as a joint tort-feasor with the defendant Lonergan the amounts found due her in the judgment rendered against Lonergan; but if, on this issue, a verdict is rendered that the defendant Lee Circle, Inc., is not so liable, then judgment is to be rendered finding the issues for it in each case.

In this opinion the other judges concurred.