ALVIN GRAVELY, ADMINISTRATOR (ESTATE OF JAMES GRAVELY) *v.* ARTHUR E. TOWNSEND ET AL.

HOUSE, C. J., COTTER, RYAN, LOISELLE and MACDONALD, Js.

Argued June 7—decided July 5, 1972

*William F. Gallagher,* with whom, on the brief, was *Cyril Cole,* for the appellant (plaintiff).

*Joseph J. Kenny,* with whom, on the brief, was *Vincent M. Marino,* for the appellee (defendant Pregozen).

COTTER, J. This was an action in which the plaintiff alleged, in two separate counts, negligent operation of a motor vehicle against each of the defendant drivers and claimed damages for injuries and the death of the plaintiff's decedent. The jury returned a plaintiff's verdict in the amount of $29,247 against the defendant Arthur E. Townsend only, and a verdict in favor of the defendant Irving Pregozen. The plaintiff appealed from the judgment and pursues his appeal only as to the defendant Pregozen. The verdict resulting in a judgment against the defendant Townsend is not before us on appeal.

Certain facts were undisputed. On November 12, 1966, the plaintiff's decedent, James Gravely, a twenty-one-year-old single man, was pushing his brother's automobile easterly on Tower Avenue, a public highway in the city of Hartford, when he was struck and killed by an automobile operated by the defendant Townsend. Prior to the accident, the decedent's brother, Frank Gravely, was operating the car in question easterly on Tower Avenue when it ran out of gas. It had rained early in the day but was not raining at the time of the accident. There was no other traffic east or west on Tower Avenue in the vicinity of the accident. Tower Avenue, at the scene in question, is a substantially level and straight paved road, separated by a white line into two lanes, each twenty-two feet in width, for travel east and west. There were no physical obstructions in the road to block visibility and on the day of the accident visibility was good. The road in the area of the accident is posted for a thirty-mile-per-hour speed limit. The Townsend car was skidding sideways in a southeasterly direction when its left side and rear struck the right rear of the Pregozen automobile. The Townsend car then

continued out of control, first hitting the pedestrian James Gravely, then the Gravely car, and finally coming to rest against a stone column. The damage to the Pregozen car was to its extreme right rear fender and taillight. The Pregozen car at no time came into contact with the Gravely car. On impact, James Gravely was pinned between the Townsend car and the Gravely car. The debris in the roadway, consisting of glass and dirt, indicated that the impact between the Townsend and Pregozen vehicles was fifteen feet north of the south edge of the paved portion of Tower Avenue. The Townsend car came to rest against a stone column five feet south of the south edge of Tower Avenue and left 162 feet of skid marks. One hundred feet of these skid marks appeared to be in a straight line up to the collision of the Pregozen and Townsend vehicles; they continued in a southeasterly line thirty-two feet from the point of impact with the Pregozen vehicle to that with the Gravely vehicle and the pedestrian; and then they continued in a similar direction thirty feet to the impact with the stone column. The Gravely automobile was pushed forward easterly after it was struck, and the distance between it and the Townsend vehicle where each came to rest was eighty-five feet. Pregozen, as he traveled easterly on Tower Avenue, could see the Gravely vehicle when approximately 500 feet west of it and was able to make out a man pushing the vehicle with the door open.

In addition to the foregoing facts, which were not disputed, the plaintiff claimed, inter alia, to have proved the following: Tower Avenue in the vicinity of the accident was wet in spots; the Gravely automobile at the time of the accident was partially on the traveled portion of the road and partially on the shoulder; that because the Pregozen car was travel-

ing slower than Townsend's car, Townsend intended to pull to the left to go around to pass the Pregozen car. The plaintiff further claimed that, at this point, Pregozen's brake lights flashed on and off and the Pregozen automobile immediately began to pull to its left in front of the Townsend automobile, without signaling. Townsend had enough room to pass if Pregozen had not pulled to the left, but since Pregozen did pull to the left Townsend intended to follow the Pregozen vehicle. At this point, the Pregozen vehicle suddenly and without warning pulled to its right, and Townsend applied his brakes hard and pulled to his right to avoid hitting Pregozen directly in the rear. The road was wet at this point, however, and the Townsend vehicle went into a skid, striking the Pregozen car.

The defendant Pregozen disagreed with the latter claims of the plaintiff and, among other things, he claimed to have proven that when he observed the Gravely car being pushed, he was approximately 500 feet away with the right side of his car in line with the left rear of the Gravely automobile; that he put on his signal lights and proceeded easterly for a distance before starting to make a left turn; that the Townsend car was observed zigzagging down Tower Avenue heading toward the disabled Gravely vehicle at a high speed, more than sixty miles per hour; that at all times prior to the accident the Pregozen car was proceeding slowly at an approximate speed of twenty-five miles per hour; that after the Townsend car struck the disabled Gravely car, the Gravely car was knocked forward approximately twenty-five yards; and that Townsend, as of the time of trial, still claimed ignorance as to whether he had struck the disabled Gravely car and the deceased.

Immediately after the charge was delivered, coun-

sel for the plaintiff, as required by § 249 of the Practice Book, took an exception to the failure of the court to give an instruction on concurrent negligence. In this appeal he pursues this claim as one of his assignments of error.

We confine our discussion to this claimed error in the charge which, in our opinion, is dispositive of the appeal. The case presented questions of negligence and proximate cause and the charge is tested by the claims of proof advanced by the parties. *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d 496. As already described, the plaintiff offered proof that the collision resulted from the concurring negligence of the operators of both automobiles. Under the facts claimed to have been proven the jury might reasonably have concluded that the combined negligence of both drivers was the proximate cause of the decedent's injuries and death; and in that event, each of the defendants would be liable for the full amount of damages awarded. *Culetsu* v. *Dix,* 149 Conn. 456, 458, 459, 181 A.2d 116; *Nistico* v. *Stephanak,* 140 Conn. 547, 550, 102 A.2d 357; 57 Am. Jur. 2d, Negligence, § 176; cf. *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 29, 266 A.2d 370.

Although the defendant Pregozen could properly defend, as he did, on the ground that Townsend's negligence was the sole proximate cause of the accident, nevertheless, in light of the evidence as disclosed in the claims of proof, it was the duty of the court adequately to explain to the jury the nature and application of the doctrine of concurrent negligence as related to the circumstances of the case by directions sufficient to bring them to a legal conclusion. *Virelli* v. *Benhattie,* 146 Conn. 203, 209, 148 A.2d 760.

In remanding the case for a new trial we restrict

the issues to be tried since the defendant Townsend did not appeal from the judgment of the trial court nor did the defendant Pregozen or the plaintiff attack the validity of the verdict on the ground that it was excessive. *Albert* v. *Lee Circle, Inc.,* 162 Conn. 124, 291 A.2d 735.

There is error, the judgment is set aside and a new trial is ordered solely on the issue whether the defendant Pregozen is concurrently liable in negligence with the defendant Townsend to the plaintiff; if, on this issue, a verdict is returned finding him liable, judgment is to be rendered that the plaintiff recover of the defendant Pregozen, as a joint tort-feasor with the defendant Townsend, the amount found due the plaintiff in the judgment rendered against Townsend; but if, on this issue, a verdict is rendered that the defendant Pregozen is not so liable, then judgment is to be rendered finding the issues for him.

In this opinion the other judges concurred.