[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT STATE OF CONNECTICUT'S MOTIONTO SET ASIDE VERDICT AND FOR OTHER RELIEF AND DEFENDANT JOHN J. CASTODIO,TO SET ASIDE VERDICT AND FOR OTHER RELIEF AND DEFENDANT JOHN J. CASTODIO, JR.'S MOTION TO SET ASIDE OR FOR REMITTITUR
The above cases arose out of two separate motor vehicle accidents in which the plaintiff allegedly sustained injuries. The accident in defendant John J. Castodio Jr.'s case occurred on July 31, 1992, and the accident in the State of Connecticut's case occurred on December 11, 1992. The plaintiff was involved in a third motor vehicle accident which occurred on January 4, 1993, and which is not part of this matter.
The cases were consolidated and tried together to the jury. The jury awarded the plaintiff $3,406.42 in economic damages and $33,333.34 in noneconomic damages, for a total of $36,739.76 against Castodio. The jury awarded the plaintiff $962.44 in economic damages and $33,333.34 in noneconomic damages, for a total of $34,295.78 against the State.
The State has filed a motion to set aside verdict and for other relief and Castodio has filed a motion to set aside or for remittitur.
The State's motion to set aside verdict and for other relief is premised on four arguments. First, the State argues that the two cases should not have been consolidated. Second, the State claims that the testimony of the plaintiff's treating physician, Dr. Joseph Zeppieri, failed to meet the test for admissibility of scientific evidence under the Daubert standard and was speculative. Third, the State argues that the court's charge to the jury concerning proximate cause was contrary to law and that the court should have instructed the jury that the plaintiff could not be compensated twice for the same damages. Finally, the State claims that the verdict was excessive.
"Independent of statutory authority, courts of general jurisdiction have inherent power to consolidate different causes, or order them tried together, when circumstances authorize such course; . . . [T]he public has an interest in the prevention of unnecessary litigation, both because of the burden it places on the State and the resulting crowding of the dockets of the courts. This procedure of trying cases together, which has long been the established practice in this state, assists in expediting business without doing anyone an injustice." (Citations omitted; internal quotation marks omitted.) Rode v.Adley Express Co., Inc., 130 Conn. 274, 277 (1943).
In the present matter, the two actions involved separate CT Page 6983 transactions and different alleged tortfeasors. There were, however, common elements to each of the actions. Both actions involved the same plaintiff, whose resulting injuries were similar in nature and were treated by the same physician. The common elements as to the issue of damages between the two actions were such that joinder of the actions was appropriate.
The defendant is correct in asserting that the Daubert
approach should govern the admissibility of scientific evidence in Connecticut. State v. Porter, 241 Conn. 57, 67 (1997). In replacing the Frye standard, the Daubert approach is now used to appraise the admissibility of evidence derived from scientific techniques. It is not necessary, however, in the present case to determine whether Dr. Zeppieri's testimony was admissible underDaubert, because the testimony should have been excluded as speculative.
Expert opinion that seeks to establish the causal connection between the injury and the alleged negligence must rest upon more than surmise or conjective. Shelnitz v. Greenberg, 200 Conn. 58,66 (1986). To avoid speculation, opinions and conclusions must be reasonably probable and not merely possible. C. Tait J. LaPlante, Connecticut Evidence (2nd Ed. 1988) § 7.16.4, p. 176.
In this case, Dr. Zeppieri testified as to the nature and degree of the plaintiff's injury. He stated that the plaintiff incurred a seventeen percent impairment of her cervical spine due to three separate injuries she sustained in each of the three accidents in which she was involved and that each injury was a substantial contributor to the total permanency. Dr. Zeppieri testified that there was not sufficient time between the accidents to determine with precision the portion of the total permanency attributable to each accident and that no one could state with reasonable medical certainty that the disability or pain from one of the accidents was either more or less than from the other two accidents. He concluded that each of the three accidents contributed equally to the ultimate outcome for the plaintiff. Dr. Zeppieri further testified that he based his opinion on his medical education, training and almost twenty years of treatment of the plaintiff.
Dr. Zeppieri gave no basis for his conclusion that each accident contributed equally to the plaintiff's permanency other than his inability to apportion causation. His conclusion is, CT Page 6984 therefore, conjecture and surmise. The jury accepted Dr. Zeppieri's conclusion as indicated by its award to the plaintiff of exactly the same noneconomic damages against the State and against Castodio. Accordingly, the verdict must be set aside and a new trial ordered.
Although the court has determined that the verdict must be set aside and a new trial ordered, the court will address the remaining issues raised by the State's motion.
"Although a trial judge may set aside a verdict for misstatements in his charge to the jury, this must be done with great caution, and only if he is entirely satisfied, upon an authoritative or statutory basis, that he has committed unmistakable error that has caused unquestionable harm." Sciolav. Shernow, 22 Conn. App. 351, 360, cert. denied, 216 Conn. 815
(1990).
In this case, the State claims that the court should have charged the jury that the State's conduct had to be the sole proximate cause of the plaintiff's injury. The law in this state, however, is that when two causes combine to produce injuries, one is not relieved from liability because he is responsible for only one of them and that negligence of two or more persons may concur and each be liable. Albert v. Lee Circle, Inc., 162 Conn. 124,128 (1977).
This court also finds little support for the State's contention that the jury should have been charged that the plaintiff could not be compensated twice for the same damages. The State's requested charge, in this particular case, would risk confusion in the jury that the defendants could not each be liable for damages even if the jury found each defendant negligent. Additionally, the mere fact that the jury awarded the plaintiff identical amounts for noneconomic damages against each defendant is not a sufficient basis to find that the jury compensated the plaintiff twice for the same damages. The testimony of Dr. Zeppieri provided grounds for the jury to find that each defendant should be liable for an identical amount of noneconomic damages.
In determining whether a verdict is excessive as a matter of law, "[t]he ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or CT Page 6985 whether the size of the verdict so shocks the sense of justice as to compel the conclusion that jury were influenced by partiality, prejudice, mistake or corruption." (Citations omitted; internal quotation marks omitted.) Champagne v. Raybestos-Manhattan, Inc.,212 Conn. 509, 556 (1988).
The testimony adduced at trial provided grounds upon which the jury could have reasonably found that the plaintiff incurred a significant loss; namely a seventeen percent impairment of her neck of which Dr. Zeppieri attributed one-third to the State and one-third to Castodio. The size of the verdict does not so shock the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption.
For the reasons discussed above, defendant State of Connecticut's motion to set aside the verdict and for other relief is granted and a new trial is ordered.
In his motion to set aside the verdict or for remittitur, Castodio made claims as to Dr. Zeppieri's testimony and as to the amount of the verdict against him similar to the claims made by the State. For the reasons discussed above as to the similar claims made by the State, defendant John J. Castodio, Jr.'s motion to set aside is granted and a new trial is ordered.
Hendel, J.