STUART PARMELEE v. HILLIARD HILLER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 1—decided December 28, 1942.

*Arthur T. Keefe,* with whom, on the brief, was *Douglas A. Anello,* for the appellant (defendant).

*Carl A. Mears,* for the appellee (plaintiff).

DICKENSON, J.   In this action the plaintiff sued for personal injuries suffered as a result of the alleged negligence of the defendant in the manner of operation of and because of the defective condition of the defendant's boat.   The facts that are essential for a consideration of the assignments of error pursued in the brief and that are supported by the evidence are these:

The plaintiff and several companions engaged the defendant's powerboat and crew for a fishing trip. They set out in calm water on Long Island Sound and approached the Race, a narrow stretch of water with a varying current, frequently rough and requiring more care in navigation than the waters on either side. The defendant's captain was a licensed pilot and was operating the boat with a copilot.   They knew the location of the Race, had navigated it for many years and were familiar with its characteristics.   About half an hour before the boat entered the Race the plaintiff, who was making his first trip in these waters and knew nothing about them, asked if he could go out in the swordfish pulpit, a plank twelve inches wide, projecting twelve feet forward of the bow of the boat, with handrails supported by pipe made fast to the plank with lag screws.   The captain said: "Go ahead, you might as well.   Everybody else does."   The plaintiff went out on the plank and stood in the pulpit holding to the railing.   No warning was given to him as the boat approached the Race and it was operated as it entered the Race in the same manner as in the calm waters before this was reached.   The boat sud-

denly encountered rough water in the Race, it lurched, the pilot at the wheel did not have sufficient control of it and the plaintiff was thrown against the railing around the pulpit, causing this to collapse and the plaintiff to fall into the sea. Neither the pilot nor the copilot warned the plaintiff of any danger which might result from standing in the pulpit while going through the Race.

The plaintiff's danger should reasonably have been anticipated by the defendant's crew. The obligation to warn him approximates the duty of the landowner to warn an invitee of dangers not reasonably to be expected by him. *Ward* v. *Avery,* 113 Conn. 394, 397, 155 Atl. 502, and see *Fox* v. *Kinney,* 72 Conn. 404, 406, 44 Atl. 745, and Petition of Liebler, 19 Fed. Sup. 829, 831. As the plaintiff contends, the case presented simple questions of fact and these were resolved in his favor by the trial court. "When the question of legal liability is purely that of prudent conduct under the circumstances of a particular case, and no violation of law by the trial court is apparent from the record, its conclusion as to negligence or legal liability, including the measure of duty as well as the extent of performance, is final." *Lawler* v. *Hartford Street Ry. Co.,* 72 Conn. 74, 81, 43 Atl. 545.

There is no error.

In this opinion the other judges concurred.