THEODORE J. PHENNING *v.* JOSEPH S. SILANSKY

BALDWIN, O'SULLIVAN, WYNNE, DALY and SHEA, Js.

Argued January 3—decided January 22, 1957

224

*Milton Krevolin,* with whom, on the brief, was *Arthur W. Feinstein,* for the appellant (plaintiff).

*Cyril Coleman,* for the appellee (defendant).

O'SULLIVAN, J. In this action the plaintiff sought to recover damages for injuries alleged to have been caused by the defendant's negligence. After the jury had returned a plaintiff's verdict, the court set it aside. The plaintiff has appealed, assigning, as the sole error, the court's ruling on the verdict.

The only ground advanced by the defendant in his motion was that the verdict was against the evidence. Nevertheless, the court set the verdict aside because of an error in the charge. This was within the power of the court. It was not limited to what was alleged in the motion. *Munson* v. *Atwood,* 108 Conn. 285, 288, 142 A. 737. In our view, however, the ground relied on by the defendant presented a more fundamental reason for setting the verdict aside. We therefore propose to examine the merit of that ground, since the question before us is whether the court's ruling is sustainable on any ground. *Morrell* v. *Wiley,* 119 Conn. 578, 581, 178 A. 121. If it is, it will not be disturbed, even though the ground relied on is different from the one adopted by the trial court. *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 476, 52 A.2d 436; *Fitch* v. *Hartford,* 92

Conn. 365, 367, 102 A. 768; Maltbie, Conn. App. Proc. (2d Ed.) § 36.

From the evidence the jury could reasonably have found the following facts: The defendant, wishing to have the outside of his house painted, hired the plaintiff to do the job and furnished him with the necessary paint, ladders and planking. The plaintiff, a painter of thirty-five years' experience, was familiar with the equipment normally used in house painting. One of the planks furnished by the defendant was twelve feet long, eight or ten inches wide and two inches thick. It was dark colored and a little weatherbeaten and had many daubs of paint upon it. There were several knots in it, but they were not discernible because of the daubs of paint. The defendant had had the plank for seven years, keeping it under his back stoop when it was not in use, except that in the winter season he put it inside his garage. From time to time he lent the plank to his neighbors when they asked him for it.

Upon first seeing the plank before starting the job, the plaintiff told the defendant that he "didn't like the looks of it." The defendant, who weighed about 190 pounds, told the plaintiff, who weighed 175 pounds, that he, the defendant, had used the plank only the day before and that it was all right. The plaintiff, however, decided to test it. After he and the defendant had suspended it between the lowest rungs of two ladders, the plaintiff jumped up and down on it at its center and at each end. This was in accordance with his common practice as a painter. Under this test, the plank did not creak and seemed safe. The plaintiff believed it to be suitable for the job. The plank was then placed on other rungs of the ladders, some ten feet above the ground, and the plaintiff climbed up one of the

ladders and began to paint, standing on the plank. He worked from 11 a.m. to 2:30 p.m., walking back and forth over the center of the plank seven or eight times during this period. At 2:30 p.m. the plank broke in the central part, precipitating the plaintiff to the ground. At the site of the break the outside of the plank looked "like new," but about one-half inch on the inside it was rotted. The defendant had not inspected the plank before the accident, except as above narrated. He was engaged in the business of repairing television sets and had considerable knowledge of planks and of wood.

In furnishing the equipment for the job, the defendant owed the plaintiff the duty of exercising reasonable care to see that the plank, as a piece of that equipment, was reasonably safe for its intended use. *Minicozzi* v. *Atlantic Refining Co.*, 143 Conn. 226, 231, 120 A.2d 924. If it is conceded that the plank was not reasonably safe for the plaintiff to stand on, it does not follow that the defendant failed to exercise the care required of him. Proof of either actual or constructive notice of the defective condition of the plank was necessary before his negligence could be logically and legally established. Since the defendant had no actual knowledge of the precise defect which caused the plank to break, his duty of exercising reasonable care for the plaintiff's safety was not violated unless a reasonable inspection of the plank would have revealed the defect. *Long* v. *Savin Rock Amusement Co.*, 141 Conn. 150, 152, 104 A.2d 221. To be sure, the defendant testified that, prior to the accident, he had not inspected the plank. But negligence may not be ascribed to an individual by reason of his failure to inspect where the inspection, if it had been made, would not have disclosed the particular condition occasioning the ulti-

mate injury. *Century Indemnity Co.* v. *Arnold,* 153 F.2d 531, 534, cert. denied, 328 U.S. 854, 66 S. Ct. 1346, 90 L. Ed. 1626; *Honea* v. *City Dairy, Inc.,* 22 Cal. 2d 614, 618, 140 P.2d 369; *Doyle* v. *Atlantic Refining Co.,* 357 Pa. 92, 98, 53 A.2d 68; Restatement, 2 Torts § 300, comment c.

In the case at bar, inspection by the eye would have been unavailing. There was nothing in the appearance of the plank, before the accident, to indicate that it was unsafe because of a condition on the inside at the point where it broke. Quite to the contrary, the outside, at that place, "looked like new," as the plaintiff testified, and the decay was discernible only after the plank had splintered in two. Furthermore, the rugged test to which the plaintiff had put the plank demonstrated to the satisfaction of one skilled in the tolerance of planks that there was no defect in it. The condition would not have been disclosed by a reasonable inspection. The result is that there was nothing to support the essential finding of constructive notice. On the state of the evidence, the jury made the defendant an insurer. This they could not do under the issues as framed by the pleadings and claimed by the plaintiff at trial. The verdict was against the evidence, and the court was correct in setting it aside.

The foregoing discussion concerning the absence of evidence to support a finding of constructive notice disposes of the need of specific answers to the questions raised by the defendant's bill of exceptions.

There is no error.

In this opinion the other judges concurred.