AGON ROMENICI v. TRUMBULL ELECTRIC MANUFACTURING COMPANY

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 10—decided November 20, 1958

*Robert Y. Pelgrift,* with whom, on the brief, was *George D. Stoughton,* for the appellant (defendant).

*Leo V. Gaffney,* with whom was *Bernard D. Gaffney,* for the appellee (plaintiff).

MELLITZ, J. The plaintiff had a verdict for injuries sustained as the result of the negligence of the defendant. The defendant has appealed, assigning error in the denial of its motion to set the verdict aside. The question is whether there was sufficient evidence to justify the verdict.

The jury could reasonably have found the following facts: On May 9, 1949, the plaintiff was employed by a beverage company to service soda-dispensing machines. He had been so employed for two weeks. The defendant was the owner of a building, along the westerly side of which was a loading platform. The platform was about sixty feet long and sixteen feet wide, surfaced with concrete, and open along the westerly side. At the northwest corner there was a flight of wooden stairs to the ground. There were a number of hand trucks about the premises which were used in unloading trucks at the platform and for transporting materials into the building. The hand trucks were four-wheeled vehicles weighing between 150 and 200 pounds and were propelled by means of a handle at one end. The wheels at that end were swivel wheels. The platform was approximately three and one-half feet above the ground and inclined from east to west, from the wall toward the outer portion, at the rate of one-eighth of an inch per foot. The incline over the total width of sixteen feet was two inches. The slope was imperceptible to the eye and could hardly be noticed by a casual observer. There was no barrier or guard

at the edge of the platform to prevent hand trucks on the platform from rolling off to the ground below, and there were no warning signs of any kind. On the morning of May 9, 1949, the plaintiff and an officer of the beverage company went to the defendant's premises to service soda-dispensing machines. An employee of the defendant suggested that they use a hand truck to transport gallon jars of syrup to the machines. The plaintiff used one of the hand trucks and then returned with it to the platform with a load of empty gallon jars. He unloaded the jars onto the end of the platform and pushed the truck half way to the rear. He then went down the platform steps. During this time the truck remained stationary. The plaintiff started to retrieve the empty jars. While he was bending down with his back toward the platform, the truck rolled across the platform and over the edge, and the handle struck him on the head. Trucks had fallen off the platform on previous occasions.

The duty of the defendant as to this plaintiff, an invitee, was to use reasonable care to see that the premises were constructed and maintained so as to be reasonably safe. *Esposito* v. *Hospital of St. Raphael,* 142 Conn. 95, 97, 111 A.2d 545; *Delmore* v. *Polinsky,* 132 Conn. 28, 30, 42 A.2d 349. Due care required the defendant, when it knew or reasonably should have known of the dangers of the situation upon its premises, to take reasonable precautions to prevent injury to an invitee. *Henry* v. *Bacon,* 143 Conn. 648, 652, 124 A.2d 913; *Markee* v. *Turner,* 140 Conn. 701, 704, 103 A.2d 533. The defendant's contention that there was no basis for a finding of negligence to support the verdict rests upon its claim that the only evidence before the jury was to the effect that the platform was a typical loading plat-

form of standard design, with a slight incline, according with good practice, to prevent the accumulation of water; that the hand trucks were of standard design; and that the platform and hand trucks presented no hazards in design, construction or condition. This contention ignores the allegation in the complaint charging the defendant with negligence in failing to warn of the danger from trucks rolling off the platform. The hazard to which the plaintiff was exposed did not stem from improper design, construction or condition of the platform or hand trucks but from the danger that hand trucks would roll off because of the slope of the platform.

The evidence was that hand trucks had rolled off the platform on previous occasions. Thus there was a hazard of which the jury could reasonably find the defendant knew or should have known and of which it was required, in the exercise of reasonable care toward its invitees, to give warning, particularly in view of the imperceptibility of the incline. There was ample basis in the evidence for a finding that reasonable care demanded of the defendant a warning of some sort for the protection of its invitees.

There is no error.

In this opinion the other judges concurred.