## Hill, Appellant, v. Richards.

Argued January 10, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Francis H. S. Ede,* for appellant.

*L. J. Briody,* for appellees.

Opinion by Mr. Chief Justice Bell, March 20, 1962:

Plaintiff has appealed from a judgment of nonsuit after the lower Court had dismissed plaintiff's motion to take off a compulsory nonsuit in an action of trespass for personal injuries.

We have considered the testimony and all reasonable inferences therefrom in the light most favorable to the plaintiff. The defendants were the owners of a property in Pen Argyl upon which they were building a home, mostly by the individual labor of the husband-defendant. The plaintiff, who was a neighbor and the janitor for the high school, would watch what Mr. Richards was doing and would help out occasionally. As the building progressed, he gradually began to help more and more until finally it was three or four times a week. However, his help was that of a friendly neighbor and he expected no compensation.

The new building faced in a southerly direction. By October 27, 1959, it had progressed to the point where the framing was completed and the studding erected. At the northeast corner there was a window. To the west of this window was the entrance for the rear door. To the south of this entrance was a hallway and straight ahead from the doorway was a stairwell which would eventually provide the steps leading to the cellar.

At about *6:30 P.M.* on the evening of October 27, 1959, the plaintiff called Mr. Richards' attention to the open stairwell and "asked him if it wouldn't be a bad idea to cover up *this cellarway* so his kids—his [defendant's] own children used to run around in the place—might go down in the cellar, . . . ." Mr. Richards "said he was going to get at it."

Thereafter, the men worked together for one hour. Defendant was handing boards in through the window and plaintiff was pulling them in and laying them on the floor. An electric light cord with a single bulb was

hung in the window frame to furnish light for the work. However, the studding which were 2 by 4's and about 16 inches apart, cast shadows across the hallway and the stairwell or cellar way.

At about 7:30 defendant left to take his children to a parade. He had a supply of boards outside the window and plaintiff was going to keep on pulling them in until defendant got back.

Plaintiff's injury occurred about 7:30 P.M., almost immediately after defendant left the building. Plaintiff thus described what happened: "Well, when we was pulling the sticks back, why there was like a shadow back. It looked like the place was all boarded up, you know, so I wouldn't fall down. I stepped into this open space [which he knew was there] and I went down in the cellar and hit on my back" and "I was pulling the board in, I was watching the shadow, and I thought I was going into the hallway with the studding in the hallway. Instead of that, I *backed right* into the studding of the cellar and I went down between the studdings in the cellarway."

Plaintiff contends that the defendants are liable (1) because it is incumbent upon the owner or occupier of land and of buildings upon which persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended, and to warn of known dangerous conditions, and (2) that plaintiff was entitled to rely on Mr. Richards' promise that he was "going to get at it."

Plaintiff's first contention is answered and refuted by *Brewster v. Morrone,* 395 Pa. 642, 151 A. 2d 607, and *McCreery v. Westmoreland Farm Bureau Co-operative Association,* 357 Pa. 567, 55 A. 2d 399. These cases, as well as the authorities cited therein, held that a possessor of land is under no duty to warn or guard a busi-

ness visitor against a danger that is obvious or is known to the person injured.

Plaintiff places great stress upon the statement of the defendant that "he was going to get at it." He construes this as a promise to immediately cover the opening into which plaintiff fell, and contends that he had a right to rely upon that promise and believe the opening was closed and the danger no longer existed. It is clear that defendant's statement was not a promise to immediately cover this opening. Furthermore, plaintiff's testimony as to defendant's statement established that at that time, viz., approximately one hour before the accident, he was, without any question or doubt, aware of the dangerous situation. Moreover, plaintiff's contention becomes even more unsupportable when the evidence shows that from the time of its utterance until the accident, plaintiff knew that defendant was outside of the building and could not have boarded over the opening and during the same time plaintiff was inside the building and knew or must have known that it had not been fixed.

It is clear that defendants violated no duty which they owed to this plaintiff, and that plaintiff was guilty of both assumption of risk and of contributory negligence.

Judgment of nonsuit affirmed.

Mr. Justice MUSMANNO dissents.