ELSIE O. HEMMINGS ET AL. *v.* PAULINE WEINSTEIN
ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued March 4—decided March 31, 1964

*Edward Seltzer,* with whom, on the brief, was *Julius B. Schatz,* for the appellants (defendants).

*Joseph P. Kenny,* for the appellees (plaintiffs).

ALCORN, J. The plaintiffs are tenants in the defendants' apartment building. The named plaintiff, hereafter called the plaintiff, recovered a verdict for damages for personal injuries due to a fall on a walk leading to the entrance to the apartment building and to a later fall in her own apartment. In the verdict, the plaintiff's husband, the other plaintiff, recovered damages for the resulting medical expenses. The defendants moved to set the verdict aside and for judgment notwithstanding the verdict. The court denied the motions, and from the judgment rendered on the verdict the defendants have appealed. The only issue is the correctness of the court's denial of the motions. The defendants claim that the evidence failed to establish that they were negligent, that it did establish the plaintiff's contributory negligence, and that the damages awarded the husband were excessive.

In reviewing the court's action, we first consider whether, on the evidence in the case, a directed verdict for the defendants would have been proper. Only if that question requires an affirmative answer do we come to the question whether the court erred in refusing to render judgment for the defendants notwithstanding the verdict. *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 421, 101 A.2d 491; *Donch* v. *Kardos,* 149 Conn. 196, 200, 177 A.2d 801; *Masterson* v. *Atherton,* 149 Conn. 302,

316, 179 A.2d 592. In deciding the primary question, we give the evidence the most favorable construction in support of the verdict of which it is reasonably capable. *Petrillo* v. *Bess,* 149 Conn. 166, 167, 179 A.2d 600; *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 660, 154 A.2d 517. The verdict was reached on conflicting evidence and should stand unless the jury could not reasonably have reached the conclusion which they did. *Canfield* v. *Sheketoff,* 104 Conn. 28, 30, 132 A. 401.

There was evidence from which the jury could have found that on February 17, 1961, the plaintiff walked out of the apartment building at about 8:15 a.m. on her way to work. She slipped on a large area of unsanded hard-packed snow or ice which had been on the entrance walk to the building since the preceding evening and fell, fracturing her right hip. She entered a hospital where a pinning operation was performed, was instructed in the use of crutches before being discharged, and was told to use the crutches and to avoid bearing weight on her right hip until the fracture healed. The fracture predisposed her to falling again. Three days after her discharge from the hospital she was walking in her apartment with the aid of the crutches, the left crutch slipped, and she fell on her left side, fracturing her left hip. This fall and the resulting fracture were due to the pressure exerted on the left crutch to avoid bearing weight on her right side. She was again hospitalized, a part of the head and neck of the left femur was removed, and a metallic prosthesis, which will be an irritant to the surrounding tissue, was installed. It will be necessary for her to continue medical treatment, including visits to her doctor at least twice a year, and she will require further x rays of both hips. As a result

of the two falls the plaintiff's husband incurred bills totaling, to the date of the trial, $3966.88. The jury might reasonably have concluded that there was a defect in the walk due to ice and snow which caused the plaintiff's first fall, that the defect was readily discoverable by the defendants and that, within the ten and one-half hours during which the defect might have been found to have existed, the defendants should have discovered it in ample time to remedy it before the plaintiff fell. *Sheehan* v. *Sette,* 130 Conn. 295, 297, 33 A.2d 327.

In answer to interrogatories, the jury stated that the plaintiff's fall in her apartment was a proximate result of her fall on the outside walk and that the verdict included damages for both injuries. This issue of causation was a factual one for the jury to decide. *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 170, 38 A.2d 582; *Squires* v. *Reynolds,* 125 Conn. 366, 370, 5 A.2d 877.

The defendants had pleaded the plaintiff's contributory negligence, which also presented a factual issue for the jury. *Reardon* v. *Shimelman,* 102 Conn. 383, 389, 128 A. 705. The plaintiff's use of the walk with knowledge that it was slippery would not, in itself, as a matter of law, establish her contributory negligence. *Newell* v. *K. & D. Jewelry Co.,* 119 Conn. 332, 334, 176 A. 405; *Ziskin* v. *Confietto,* 137 Conn. 629, 633, 79 A.2d 816; *Brosz* v. *Danbury,* 140 Conn. 279, 281, 99 A.2d 136. Nor would the plaintiff's mere use of crutches establish contributory negligence as a matter of law on the occasion of her second fall. For the foregoing reasons, there were issues of fact for the jury, and the court did not err in refusing to set the verdict aside or render judgment for the defendants notwithstanding the verdict.

The defendants complain that the verdict for

$5000 in favor of the husband is excessive in view of the fact that the medical expenses to the date of the trial were $3966.88. The husband sought recovery for future expenses in his complaint, and the defendants do not claim that future expenses are not a proper element of damages. See *Katz* v. *Cohn,* 122 Conn. 338, 341, 189 A. 594. The claim is that the evidence concerning future medical attention and the expense thereof is not sufficiently definite to permit an award of $1033.12 beyond what had already been incurred. The jury had before them bills indicating the cost of x rays, office visits and other medical expenses prior to trial, and medical testimony concerning the nature of reasonably probable future medical care. There was medical evidence that the plaintiff was having trouble with her right hip at the time of trial which was expected to worsen before it improved. In the light of this evidence and the plaintiff's observable condition at the trial, the verdict for the husband is not so large that it can be said to be plainly excessive. *Szivos* v. *Leonard,* 113 Conn. 522, 525, 155 A. 637; Maltbie, Conn. App. Proc. § 197.

There is no error.

In this opinion the other judges concurred.