OWEN WARREN *v.* MABEL STANCLIFF

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 10—decided November 26, 1968

*William F. Gallagher,* with whom, on the brief, were *Cyril Cole* and *Morton E. Cole,* for the appellant (plaintiff).

*Harry L. Nair,* for the appellee (defendant).

THIM, J. The plaintiff was injured owing to a fall on an icy, snow-covered driveway located on the defendant's property in Glastonbury. The plaintiff instituted a negligence action against the defendant and sought to recover damages for his injuries. The jury returned a verdict for the defendant. From the judgment rendered thereon, the plaintiff has taken this appeal.

The claims of proof in the finding reveal these facts: From 1956 to 1962, the defendant, who was the plaintiff's sister, would leave her home each winter and would go to Florida. The defendant had an arrangement with the plaintiff whereby she agreed to pay the plaintiff if he would inspect her house during her absence to determine if any water pipes had frozen, whether an electric light was on, and whether any windows were broken or any entry made. During the time that she was in Florida, the defendant would also hire another person to plow snow from the driveway.

Approximately two weeks before the plaintiff's fall, the defendant left for Florida, and the plaintiff inspected the house two or three times a week after the defendant's departure. While making an inspection on February 11, 1962, between 10 and 10:30 a.m., the plaintiff slipped and fell on ice which was lodged in a depression in the defendant's driveway. The ice existed a week to ten days before the accident. Even though the driveway had been plowed, it remained covered with about one-half inch of snow on the morning of the plaintiff's fall. The plaintiff admitted that he saw ice on the driveway prior to the day he incurred his injuries. A snowfall on the day or evening before the accident,

however, concealed the ice. The defendant did not personally know about the ice being on the driveway, and consequently she did not remedy the slippery condition or warn the plaintiff of the danger.

In his complaint, the plaintiff alleged, inter alia, that his injuries were caused by the negligence of the defendant in that she caused or allowed the driveway to be and to remain in a slippery, icy and dangerous condition; that she failed to remedy the slippery condition by placing an abrasive substance on the driveway; that she failed to make a proper and reasonable inspection; that the defendant knew or should have known of the slippery condition; and that she failed to warn the plaintiff of the aforesaid condition. The trial court instructed the jury to disregard the plaintiff's allegation which charged that the defendant failed to warn the plaintiff of the slippery condition of the driveway. The sole issue on the present appeal is whether the court erred in instructing the jury to disregard this specification of negligence.

The court correctly charged the jury that the plaintiff was an invitee. Thus, the defendant was under a duty to use reasonable care to maintain her premises in a reasonably safe condition. *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 492, 45 A.2d 710; *Smith* v. *Union & New Haven Trust Co.,* 121 Conn. 369, 371, 185 A. 81; Restatement (Second), 2 Torts § 343. The defendant's duty to use reasonable care included the duty to warn the plaintiff-invitee of dangers which the plaintiff could not reasonably be expected to anticipate. *Romenici* v. *Trumbull Electric Mfg. Co.,* 145 Conn. 691, 694, 146 A.2d 416; *Parmelee* v. *Hiller,* 129 Conn. 489, 491, 29 A.2d 586. The defendant, however, had no duty to warn the plaintiff unless she had actual or construc-

tive notice of the specific dangerous condition which caused the plaintiff to fall. *Monahan* v. *Montgomery*, 153 Conn. 386, 390, 216 A.2d 824.

The trial judge withdrew from the jury the specification of negligence concerning the defendant's failure to warn the plaintiff of the slippery condition.

As we have noted, the defendant was in Florida. The fact that a possessor of land is absent for a substantial period of time does not, by itself, excuse him from the duty of warning of latent, dangerous conditions unknown to an invitee. A possessor of land is charged with constructive notice of a dangerous condition when it is of such a nature and duration that a reasonable inspection would have disclosed the risk. *White* v. *E & F Construction Co.*, 151 Conn. 110, 113, 193 A.2d 716; *Phenning* v. *Silansky*, 144 Conn. 223, 226, 129 A.2d 224. Constructive notice is premised on the policy determination that under certain circumstances a person should be treated as if he had actual knowledge so that one should not be permitted to deny knowledge when he is acting so as to keep himself ignorant. 39 Am. Jur. 236, Notice, § 7. Therefore, when a possessor of land fails to make or to have made a reasonable inspection which would have disclosed the dangerous condition, his negligent ignorance is, in the eyes of the law, equivalent to actual knowledge. *Portman* v. *Earnhart*, 343 S.W.2d 294, 297 (Tex. Civ. App.).

There was evidence that the ice existed for a week to ten days before the plaintiff's accident and that the snow fell the day or evening before the accident. This evidence would be sufficient to support a finding of the defendant's constructive notice of the slippery condition. See *Hemmings* v. *Weinstein*, 151

Conn. 502, 505, 199 A.2d 687. Therefore, the court committed error by withdrawing from the jury's consideration the question of the defendant's duty to warn.

The defendant claims that the trial court correctly withdrew from the jury the issue of the defendant's duty to warn of the slippery condition because the plaintiff had actual knowledge of the icy condition of the driveway. We do not agree with this contention.

The possessor of land has no duty to warn an invitee of a dangerous condition when the invitee has actual knowledge of the condition. *Buck* v. *Standard Oil Co.,* 157 Cal. App. 2d 230, 236, 321 P.2d 67; *Corkery* v. *Greenberg,* 253 Iowa 846, 849, 114 N.W.2d 327; *Leslie Four Coal Co.* v. *Simpson,* 333 S.W.2d 498, 500 (Ky.); *Illinois Central R. Co.* v. *Crawford,* 244 Miss. 300, 315, 143 So. 2d 427; *Harbourn* v. *Katz Drug Co.,* 318 S.W.2d 226, 229 (Mo.); *Jackson* v. *Land,* 391 P.2d 904, 907 (Okla.); *Hill* v. *Richards,* 406 Pa. 452, 454, 178 A.2d 705. The failure to warn an invitee of something he already knows is without legal significance. *Petty* v. *Cranston Print Works Co.,* 243 N.C. 292, 304, 90 S.E.2d 717. In the present case, the trial court was not, however, justified in withdrawing from the jury the question of the defendant's duty to warn on the ground that the plaintiff knew of the icy condition. The plaintiff testified that he saw the ice on the driveway before it snowed. At the time of the plaintiff's accident, however, snow covered the ice so that the ice was no longer an obvious condition. Hence, we are unable to say, as a matter of law, that on the morning of the accident the plaintiff was or should have been aware of the dangerous condition which caused his fall. Since there was room for reasonable disagreement as to

whether the plaintiff was or should have been aware of the icy condition just before his fall, the jury and not the trial judge should have determined whether the defendant had a duty to warn the plaintiff of the slippery condition. *Pillou* v. *Connecticut Co.*, 143 Conn. 481, 484, 123 A.2d 470; *Nistico* v. *Stephanak,* 140 Conn. 547, 550, 102 A.2d 357; *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 591, 53 A.2d 296. Therefore, the court committed error by withdrawing from the jury the question of the defendant's duty to warn of the slippery condition.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KING, C. J., HOUSE and RYAN, Js., concurred.

ALCORN, J. (dissenting). I cannot agree with the majority that it was error to withdraw from the jury the question whether the defendant had a duty to "warn the plaintiff of the aforesaid conditions" which, in other allegations of negligence, had been described as "slippery, icy and dangerous". The finding is that both the plaintiff and the defendant had claimed to have proved that the plaintiff knew of both the ice and the snow on the surface of the driveway. Consequently, I disagree with the statement of the majority that the defendant's duty to warn the plaintiff was a factual question for the jury because "snow covered the ice so that the ice was no longer an obvious condition."

The majority correctly states: "The possessor of land has no duty to warn an invitee of a dangerous condition when the invitee has actual knowledge of the condition." If there were any dispute between the parties that the plaintiff had actual knowledge

of the condition, the question whether it was "obvious" or whether the plaintiff was "aware" of it might be relevant. On the claims of proof in this case, however, a jury could not reasonably find other than that the plaintiff had actual knowledge of the very condition which caused his fall. In view of the claims of proof, I see no occasion for burdening the parties and the court with another trial merely because the trial judge removed this issue from the jury's consideration.

Warning an invitee against dangers which are either known to him or are so obvious to him that he may be expected to discover them is unnecessary. 65 C.J.S. 768–70, Negligence, § 63(53); Restatement (Second), 2 Torts § 343A and comment (e). The duty of a possessor of land to warn an invitee of a dangerous condition is one issue. The factual question of an injured party's contributory negligence is an entirely separate one. *Harbourn* v. *Katz Drug Co.*, 318 S.W.2d 226, 233 (Mo.); note, 74 A.L.R.2d 950.