[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CAUSE OF ACTION FOR INVITOR LIABILITY
On July 18, 1991 plaintiff Marian A. Carter-Costello, Administratrix of the Estate of Arthur R. Carter, Jr., filed a one count complaint against defendant DJ's Service Center, Inc. The plaintiff alleges that the defendant caused the rear lot of its premises to be rendered hazardous and unsafe, which condition caused a 1979 Cadillac Malibu to fall violently upon the deceased, Arthur R. Carter, Jr. (Carter), while he was attempting to remove certain parts from that vehicle, after being invited upon the premises to do same. She further alleges that Carter became severely injured and ultimately died as a result of this incident. Based on the foregoing facts, the plaintiff alleges that the defendant was careless and/or negligent by, inter alia, causing its premises to be rendered hazardous and unsafe.
The defendant has filed a motion to strike the plaintiff's complaint, together with a supporting memorandum of law. The defendant asserts that the grounds for the granting of its motion are 1) that the factual allegations of the complaint are insufficient to establish the breach of a legal duty owed and 2) that the complaint fails to state a valid cause of action sounding in negligence.
The plaintiff has filed an objection to the defendant's motion to strike, asserting that the complaint states a legally CT Page 1316 sufficient basis upon which to recover.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book 152. The test for deciding whether to grant a motion to strike is to ask "whether, if the facts alleged are taken to be true, the allegations provide a cause of action. . . ." County Federal Savings and Loan Ass'n v. Eastern Associates, 3 Conn. App. 582,585, 491 A.2d 401 (1985). When courts undertake this kind of analysis they "take the facts alleged in the complaint and construe them in a manner [that is] most favorable to the pleader." Progressive Casualty Insurance Co. v. D. Gangi,4 Conn. App. 137, 140, 492 A.2d 548 (1985). If "the facts provable under [that] complaint . . . support . . . a cause of action," the motion to strike shall be denied. Mingachos v. CBS, Inc., supra, 108-09.
The defendant argues in its memorandum of law that the mere allegation that the area in dispute consisted of loose dirt and grass is insufficient in and of itself to prove that the property was not safe. The defendant further argues that there are no facts alleged in the complaint which establish the existence of a duty owed by the defendant with respect to the decedent's removal of car parts through the use of a car jack.
The plaintiff argues in its memorandum of law that the allegations of the complaint more than adequately set forth a legally sufficient cause of action, in that the defendant had a duty to warn the decedent of an unreasonable risk of injury and failed to exercise that duty, thereby resulting in the decedent's death.
 Invitees fall into certain general categories. A public invitee "is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." (Citation omitted.) A business invitee "is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with CT Page 1317 business dealings with the possessor of the land." (Citation omitted.)
Corcoran v. Jacovino, 161 Conn. 462, 465, 290 A.2d 225 (1971). "`[A]n invitee enters upon an implied representation or assurance that the land has been prepared and made ready and safe for his reception.'" Ford v. Hotel Restaurant Employees Bartenders Union, 155 Conn. 24, 35, 229 A.2d 346 (1967), quoting Restatement (Second) Torts 343, comment b.
"A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. (Citation omitted.) In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." Morin v. Bell Court Condominium Ass'n, Inc., 223 Conn. 323, 327, ___ A.2d ___ (1992), citing to Warren v. Stancliff, 157 Conn. 216,218, 251 A.2d 74 (1968). See also Stewart v. Federated Department Stores, Inc., 4 Conn. L. Rptr. 67 (May 17, 1991, Lewis, J.) ("A defendant owes a business invitee the duty of reasonably foreseeable uses the invitee might make of them.")
Furthermore, "when a possessor of land fails to make or to have made a reasonable inspection which would have disclosed [a] dangerous condition, his negligent ignorance is, in the eyes of the law, equivalent to [having] actual knowledge of that condition." Warren v. Stancliff, 157 Conn. 216, 219,251 A.2d 74 (1968).
In the present case, the plaintiff alleges that on October 11, 1990 the decedent was invited by the defendant to enter into its locked, dirt and grass filled, fenced-in area and permitted to use a ratchet bar jack to lift the right side of the aforementioned Chevrolet Malibu off the ground in order to remove certain parts therefrom. Viewing the allegations of the complaint in a light most favorable to the plaintiff, the plaintiff has pled sufficient facts to support the aforesaid cause of action. Accordingly, the motion to strike is hereby denied.
Clarance J. Jones Judge CT Page 1318