[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the defendant's motion to strike the second count of the plaintiff's revised amended complaint on the ground that the allegations of this count fail to state a cause of action.
The first count of the complaint at issue alleges that the defendant was negligent in providing security on the grounds of Southern Connecticut State University and that as a result of this negligence the plaintiff was the victim of a sexual assault.
The second count, to which the motion to strike is addressed, alleges that the defendant "breached the duty of care it owed to the plaintiff as an ongoing invitee and student" by failing to CT Page 5286 assist her in getting her professors to ease her academic pressures after the assault, by failing to provide her with safe transit and escort services after the assault, by misrepresenting facts and failing to be supportive to the plaintiff after the assault, and by violating her right to confidentiality by publicizing the incident in a humiliating and embarrassing manner. The plaintiff alleges that this conduct by the defendant exacerbated her injuries.
The plaintiff alleges in Count Two that she received authorization from the Claims Commissioner to maintain the cause of action alleged in Count Two, and that the authorization is set forth in Exhibit A to the original complaint.
The motion to strike Count Two identifies the sole ground as "the ground that the plaintiff fails to plead facts sufficient to state a claim for `Post-Trauma Negligence' arising out the plaintiff's purported status as an `ongoing invitee and student.'"
In its brief in support of the motion to strike, the defendant indicates more clearly that its real contention is that there is no cause of action for post-trauma conduct with respect to an invitee injured on a landowner's property either because of the plaintiff's status as an invitee on property or because of her status as a student at the institution occupying the property.
I. Standard of Review
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138,142; Benson v. Housing Authority, 145 Conn. 196, 199 (1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchardv. People, 219 Conn. 465, 471 (1991); Ferryman v. Groton, 212 Conn. 138,146. In any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bouchard v.Peoples' Bank, 219 Conn. 564, 471; Senior v. Hope, 156 Conn. 92,97-98 (1968).
The existence of a duty of care is a question of law. ShoreCT Page 5287v. Stonington, 187 Conn. 147, 151 (1982); Nolan v. The New York,New Haven Hartford Railroad Co., 53 Conn. 461, 471 (1885). Where there is no duty, there can be no actionable negligence.Frankovitch v. Burton, 185 Conn. 14, 20 (1981). Unless some relationship exists between the person injured and the defendant by which the latter owes a duty to the former, there can be no liability for negligence. id.; McDowell v. Federal Tea Co.,128 Conn. 437, 440 (1941).
II. Duty of Landowner
The plaintiff accurately states that landowners have a duty "to reasonably inspect and maintain the premises in order to render them reasonably safe . . . [and to] . . . warn an invitee of dangers that the invitee could not reasonably be expected to discover. Morin v.Bell Court Condominium Association, Inc., 223 Conn. 323, 327
(1992), quoting Warren v. Stancliff, 157 Conn. 216, 218 (1968) and D. Wright, J. Fitzgerald and W. Anker, Connecticut Law of Torts (3d ed.) §§ 47 and 49.
The claimed acts of negligence set forth in Count Two of the plaintiff's complaint do not, for the most part, concern the defendant's duties as a landowner. Alleged negligence in issuing statements to the press, in failing to intercede to protect the plaintiff from academic difficulties, and in failing to be supportive to the plaintiff after she was attacked are not duties that can be characterized as arising from a landowner's duty to make the premises safe. The only claim of negligence that colorably arises from a landowner's duty is the claim, set for that paragraph 5(b) of the revised amended complaint, that the defendant failed to provide the plaintiff with safe transit and escort services on the premises. This allegation alone invokes a claim of breach of duties owed to an invitee arising from the defendant's responsibility to provide for the safety of those upon the land. It will be a question of fact whether the risk of danger to the plaintiff on the premises was such that the defendant was negligent in not providing the specific precautions identified.
III. Duty to plaintiff as a student
The defendant claims that there is no cause of action by a student for the failure of the educational institution in which she is enrolled to provide support and shield her from harmful effects after she has suffered an attack on campus during the course of her studies. CT Page 5288
The plaintiff contends that because of her status as a student, the defendant owed her a duty to use reasonable care for her welfare, and that it failed to fulfill its duty of care in the ways indicated at paragraph 5 of the revised amended complaint.
Since the plaintiff does not plead that she was a minor at the time in question, nor that she was compelled by law to attend the institution operated by the defendant, case law concerning the duties of public school systems to school children is inapplicable.
While some courts have ruled that where a college or university assumes responsibility for security, it has a duty of care in that regard, see Mullins v. Pine Manor College,449 N.E.2d 331, 335 (Mass. 1983), the plaintiff has not cited any source of the duties she alleges were breached. It appears that her allegation of breaches of duties owed to her as a student are in the nature of claims of educational malpractice, a cause of action which has not been recognized in Connecticut. Moreover, even if such a cause of action were recognized, the plaintiff has failed to establish that the maintenance of such a claim was authorized by the Claims Commissioner as part of the waiver of sovereign immunity in this case.
The court finds that the plaintiff has not alleged a cognizable cause of action in Count Two for breach of duties, except the content of paragraph 5(b).
Conclusion
The motion to strike is granted as to all claims of Count Two except the claim that, as part of its duties as a landowner, the defendant was obligated to provide the plaintiff with escort service on its premises, that is, the substance of paragraph 5(b) of the revised amended complaint.
Beverly J. Hodgson Judge of the Superior Court