[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Mary Ann Lagasse, initiated this action against the defendants, Anthony and Mary Ellen Amabile, seeking damages for personal injuries she allegedly sustained on the defendants' property. In her revised complaint, dated March 18, 1999, the plaintiff alleges that on October 23, 1997, during a visit with a family member who leased the premises from the defendants, she slipped and fell on a steep grass-covered slope while carrying bags from the house to the driveway. The plaintiff further alleges that she sustained injuries from the fall as a result of the negligence and carelessness of the defendants. The plaintiff seeks monetary damages and other just and equitable relief as may be ordered by the court.
On May 8, 2000, the defendants filed a motion for summary judgment, along with a supporting memorandum of law, copies of photographs and excerpts from the plaintiff's deposition, arguing that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. On February 20, 2001, the plaintiff filed an objection to the defendants' motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the CT Page 7032 existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 386,752 A.2d 503 (2000).
In their motion for summary judgment, the defendants argue, inter alia, that liability for injuries caused by defective premises is not based upon the ownership of such property, but rather upon the person in possession and control of the property. The defendants maintain that they had neither possession nor control of the premises, and note that there were at least three different ways to enter and exit the house without using the grassy slope upon which the plaintiff fell. In response, the plaintiff argues that the defendants were in possession and control of the property because they retained the only key to the garage and the back door could not be opened from the inside. The plaintiff argues that the only reasonable means by which to enter and exit the house from the driveway was by way of the grassy slope and through the kitchen door. The plaintiff concludes that by limiting the means by which the tenants and their invitees could enter and exit the house, the defendants retained control over the entire premises.
Generally, "[t]he status of an entrant on another's land, be it trespasser, licensee or invitee, determines the duty that is owed to the entrant while he or she is on a landowner's property." Salaman v.Waterbury, 246 Conn. 298, 304-05, 717 A.2d 161 (1998).[1] "Liability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v. Andrews Corp., 154 Conn. 220, 225,224 A.2d 546 (1966). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Citation omitted.) Morin v. Bell Court Condominium Assn.,Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992).
In this case, the central issue is whether the defendants, as owners of the property, were in exclusive control of the portion of the property upon which the plaintiff slipped and fell. Generally, a tenant "takes the premises as he finds them and bears the risk of any defective conditions which are within the area under his exclusive possession and control. . . . This rule, however, does not apply to defects which are the result of faulty design or disrepair and which existed at the beginning of the tenancy, were not discoverable by the tenant on reasonable inspection, and were known, either actually or constructively, to the landlord." (Internal quotation marks omitted.) Gore v. People's Savings Bank, 235 Conn. 360, 374,665 A.2d 1341 (1995). A landlord does, however, "have a duty to use reasonable care to maintain in a reasonably safe condition CT Page 7033 those areas of their premises over which they exercise control." Id., 373. "Thus, liability of a landlord for damages resulting from a defective condition in an area over which the landlord exercises control generally depends upon proof that the landlord received either actual or constructive notice of the condition prior to the time of the plaintiff's injuries." Id.
While the issue of whether landowners have exclusive control over the premises is a question of fact; Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 704, 694 A.2d 788 (1997); under the facts presented, the court finds that in this case the issue of control is not a material issue sufficient to defeat the motion for summary judgment. In support of her objection to the motion for summary judgment, the plaintiff submits an affidavit of her niece, Linda Lombardi. In her affidavit, Lombardi states that the defendants retained control of the garage area, but fails to state whether the defendants retained control over the grassy slope upon which the plaintiff fell. (Lombardi affidavit, ¶ 3.) Additionally, the plaintiff's argument that the defendants retained control over the entire premises because they restricted the means by which the tenants and their invitees could enter and exit the house also lacks merit. Lombardi admits in her affidavit that in addition to the kitchen door, the front door of the house provided a means of ingress and egress to the house. (Lombarid affidavit, ¶ 4.) The plaintiff's argument that access through the front door was either impractical or unreasonable does not present this court with genuine issues of material fact because the plaintiff was not limited to using the grassy slope as a means of ingress and egress to and from the house.
Furthermore, while Lombardi states that the defendants were aware of the "dangerous nature" of the grassy slope, she also states that she knew of such defect and continued to use the slope as a means of ingress and egress. A landlord is not liable for defective conditions which may exist on portions of the premises which are not within the possession and control of the landlord and which are discoverable by the tenant upon reasonable inspection. Gore v. People's Savings Bank, supra, 235 Conn. 374. Any issues of fact as provided by the plaintiff, if true, fail to raise genuine issues of material fact because the tenant in this case admits that she was aware of the allegedly defective condition. As a matter of law, therefore, the duty to the plaintiff lies with the tenant and not with the landowners.
In light of the foregoing, the court grants the defendants' motion for summary judgment because there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law.
The defendants also argue, in the alternative, that even if the court CT Page 7034 finds that there are genuine issues of material fact with respect to whether the defendants retained control over the grassy slope, they are nevertheless entitled to judgment as a matter of law because the alleged defective condition was "open and obvious." Our courts generally recognize that "[t]he possessor of land has no duty to warn an invitee of a dangerous condition when the invitee has actual knowledge of the condition." Warren v. Stancliff, 157 Conn. 216, 220, 251 A.2d 74 (1968);Kraus v. Newton, 14 Conn. App. 561, 569, 542 A.2d 1163 (1988), aff'd,211 Conn. 191, 558 A.2d 240 (1989); Murphy v. Eddinger, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086973 (November 30, 1999, Robaina, J.).
In support of their argument, the defendants submit excerpts of the plaintiff's deposition, dated March 7, 2000, in which she states that she would walk up the lawn whenever she would visit her niece. Additionally, Lombardi's affidavit admits that "[e]veryone . . . used this grassy path to and from the inside of the house." It is submitted, therefore, that because it is undisputed that both the plaintiff and the tenant were aware of the fact that the grassy slope was dangerous, and the fact that both continued to use it as a means of ingress and egress to the house, there are no genuine issues of material fact as to whether the grass slope was open and obvious. Accordingly, the court finds that because the alleged dangerous condition was open and obvious, as a matter of law, the defendants did not owe a duty to the plaintiff.
For the foregoing reasons, the court hereby grants the defendants' motion for summary judgment.
 By the Court, Joseph W. Doherty, Judge