[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
Pursuant to Practice Book § 17-44 et seq. the defendant New Haven Register, LLC has filed a motion for summary judgment on the basis that the New Haven Register, LLC did not exist on the date of the incident alleged in the plaintiff's complaint. Therefore the defendant, New Haven Register, LLC could not have owned or controlled the premises where the plaintiff claims she fell. Thus, the defendant claims it owed no duty of care to the plaintiff.
 I
The plaintiff's one count complaint directed at the New Haven Register, LLC, alleges that on December 30, 1997 she was walking in the parking lot at 40 Sargent Drive, New Haven, Connecticut when she was caused to slip and fall as a result of her foot becoming entangled in "plastic bundle ties" located on the surface of said parking lot. The plaintiff alleges that the New Haven Register, LLC was the owner of said parking lot, and that her injuries were due to the care omissions by the agents, servants or employees of the defendant. The defendant argues that the New Haven Register, LLC was incorporated and came into existence on December 31, 1997. Therefore, the defendant claims it did not own the subject parking lot on December 30, 1997, the date of the alleged incident.
The plaintiff in opposing the motion for summary judgment sets forth that a review of the land records of the City of New Haven prior to the institution of this action indicated that the New Haven Register, Inc. CT Page 936 was the owner of the parking lot premises at 40 Sargent Drive on December 30, 1997. A further search of the Connecticut Secretary of State's corporate records revealed that the New Haven Register, Inc. was dissolved on December 18, 1997 and that the New Haven Register, LLC, organized under the laws of the State of Delaware on September 18, 1997, was accepted by the Connecticut Secretary of State on December 31, 1997. The plaintiff argues that as the New Haven Register, Inc. was dissolved prior to December 30, 1997, it cannot be the owner of said premises. Therefore, the plaintiff contends that the New Haven Register, LLC, organized in Delaware on September 18, 1997 and accepted by the State of Connecticut on December 31, 1997, was the successor legal entity to the New Haven Register, Inc. The plaintiff concludes that the New Haven Register, LLC had acquired the assets of the New Haven Register, Inc. post-dissolution.
The plaintiff also notes that on December 5, 1997 another Delaware corporation known as Journal Register East, Inc. was authorized to do business in Connecticut.
It is the plaintiff's position for the purposes of the motion for summary judgment that the ownership of 40 Sargent Drive, New Haven, Connecticut on December 30, 1997 is a genuine issue of material fact that renders summary judgment inappropriate in this matter. The plaintiff argues that the defendant, New Haven Register, LLC, is in possession of documentation which may clarify the confusion regarding the ownership of the subject property. Additionally, the plaintiff, on the date of the alleged incident, was an employee of the "New Haven Register." Her pay stubs indicated her employer was the "New Haven Register;" not the New Haven Register, Inc. Prior to instituting this action the plaintiff commenced a Workers' Compensation claim. In defending that claim the documents filed by the employer's representative indicate that the plaintiff's employer was the "Journal Register Company."
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co.,
supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the CT Page 937 result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99
(1994).
The existence of the defendant's duty to the plaintiff, if any, is a question of law. Shore v. Stonington, 187 Conn. 147 (1982). Liability for injury due to defective premises can depend on issues of control and possession over the premises at the relevant time. In considering control of the premises, one can look to acts of maintenance, upkeep, inspection, restricting or allowing entry to the property, and the use of the premises Panaroni v. Johnson, 158 Conn. 92, 98-100 (1969); Kirby v.Zlotnick, 160 Conn. 341, 344 (1971). More than one entity can be in control of a premises at the same time, and thus responsibility for injuries upon the premises may be shared by more than one entity. Cruzv. Drezek, 175 Conn. 230, 234 (1978); Warren v. Stoncliff, 157 Conn. 216,218 (1968).
The questions of ownership and/or control of 40 Sargent Drive, New Haven, Connecticut on December 30, 1997 is a genuine issue of material fact. A motion for summary judgment is inappropriate, given the fact that the ownership and controlling entity of 40 Sargent Drive from a period of December 18, 1997 to December 31, 1997 cannot be resolved until trial and the completion of all appropriate discovery.
The motion for summary judgment is hereby denied.
The Court
By Arnold, J.