WILLIAM J. CURRAN, SR. *v.* STELLA MCCALL
(2631)

DUPONT, C.P.J., HULL and O'NEILL, Js.

Argued April 19—decision released July 23, 1985

*Martin M. Rutchik,* for the appellant (plaintiff).

*Michael E. Driscoll,* for the appellee (defendant).

O'NEILL, J. The plaintiff appeals from the trial court's refusal to set aside a jury verdict for the defendant in a negligence action for damages due to personal

injuries which occurred in the unlighted cellar of the defendant's home. The case involves the question of the duty, if any, of a homeowner to furnish adequate lighting in such premises to a business visitor. The trial court refused the plaintiff's request to charge the jury on such a duty to provide adequate lighting[1] and specifically charged the jury not to consider the question of adequate lighting in the cellar.

On February 15, 1979, at approximately 10 a.m., the plaintiff, a repairman, made an emergency business call to the defendant's old farm house on McCall Road in Lebanon, to repair her furnace. In order to repair the furnace, the plaintiff had to walk through the flood damaged basement of the defendant's house. The basement had no artificial light. There was an electric socket in the basement, but no electricity. While he was in the basement and using his flashlight to maneuver around debris on the floor, a wire suspended from overhead became lodged in the plaintiff's eye causing injury.

The plaintiff claims that the court erred (1) in failing to forewarn the plaintiff's counsel, prior to his closing argument, that the issue of adequate lighting was to be removed from the consideration of the jury, (2) in refusing to charge the jury, as requested, regarding adequate lighting, and (3) in removing from the consideration of the jury, as a matter of law, the issue of adequate lighting. We will consider the second and third claims of error as one.

---

[1] The plaintiff's request to charge states, in pertinent part: "It is for you [the jury] to determine whether the failure to provide adequate lighting might reasonably be considered to be an act of negligence, which was a substantial factor in bringing about the injury to Mr. Curran. It is for you to determine whether in fact she acted as a reasonably prudent person in not having adequate lighting, if you find that such lighting was not available."

The plaintiff's first claim of error is that the trial court should have forewarned the plaintiff that it intended to instruct the jury to disregard the plaintiff's allegations of negligence involving adequate lighting. The plaintiff concedes that he did not request a conference with the trial court regarding the court's charge to the jury. Rather, he argues that the court should have held such a conference sua sponte. To buttress that argument, the plaintiff refers to Practice Book § 853 which provides for an opportunity to discuss the trial court's charge to the jury, in criminal cases, prior to closing arguments. The plaintiff further notes that rule 51 of the Federal Rules of Civil Procedure requires the court to inform counsel of its proposed action on their request to charge prior to closing arguments.

The plaintiff concedes that there is no rule in Connecticut requiring a conference in civil cases. Further, the plaintiff concedes that he did not request such a conference. Under these circumstances, it cannot be said that the court erred.

The plaintiff's remaining claims of error deal with the trial court's charge that, as to the allegation that the defendant "was negligent in that she failed to maintain adequate lighting in said basement area, you are to ignore that. There is no obligation—there was no obligation on the part of [the defendant] to provide adequate light for [the plaintiff]." We conclude that, in taking this allegation away from the jury, the court erred.

In *Gibson* v. *Hoppman,* 108 Conn. 401, 143 A. 635 (1928), the court held that "[w]hatever the situation as to tenants, to one upon the premises as was the plaintiff, the landlord owes the same duty as would any other landowner to one whom he has invited to come there, that is, the duty of exercising reasonable care to have the common passageways reasonably safe. *Whether the*

*defendants were guilty of a breach of that duty in failing to light the stairway upon which the plaintiff fell, presented an issue of fact for the jury."* (Emphasis added.) Id.

The defendant argues that because the plaintiff had been on the site prior to the accident in his role of repairer and was aware of the dangerous condition, she was under no further obligation to warn him of the danger. *Warren* v. *Stancliff,* 157 Conn. 216, 220, 251 A.2d 74 (1968). This argument, however, misses the point of the plaintiff's claim. The plaintiff's argument does not focus on the defendant's duty to warn the plaintiff of a dangerous condition, but upon her duty to exercise reasonable care in providing safe passage through her home to a business invitee. Consequently, the rule of *Gibson* is to be employed rather than that of *Warren.* In fact, the court in *Gibson* found that the issue should have been left to the jury despite the fact that the plaintiff was a "frequent" visitor to the premises since her parents lived there; *Gibson* v. *Hoppman,* supra, 404; and despite the fact that the lack of lighting was an ongoing problem of which the plaintiff was aware. Id.

The court erred in removing the issue of the defendant's duty to provide adequate lighting from the jury and in refusing to give a charge in regard to the lighting.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.