PATRICIA GARGANO *v.* JOSUNE AZPIRI ET AL.
(AC 28527)

McLachlan, Robinson and West, Js.

Argued May 29—officially released September 23, 2008

*Carl A. Secola, Jr.,* for the appellant (plaintiff).

*Jack G. Steigelfest,* with whom, on the brief, were *Thomas P. Cella* and *Christopher M. Harrington,* for the appellees (named defendant et al.).

*Miles N. Esty,* for the appellee (defendant Victor Moura).

*Opinion*

WEST, J. The plaintiff, Patricia Gargano, appeals from the judgment of the trial court rendered upon the granting of the motions for summary judgment filed by the defendants Josune Azpiri, Victor Fonseca and Victor Moura, also known as Victor Rodriguez doing business as Moura's Construction and Remodeling (Rodriguez), in this premises liability action.[1] On appeal, the plaintiff

---

[1] In her complaint, the plaintiff named two additional defendants: Supreme Electrical Contractors, Inc., and Fonseca Azpiri Housing and Community Development, LLC. The case subsequently was withdrawn as to Supreme Electrical Contractors, Inc., and the case remains pending before the trial court as to Fonseca Azpiri Housing and Community Development, LLC. Nevertheless, the plaintiff is appealing from a final judgment because the court's judgment disposed of the entire case as against Azpiri, Fonseca and Rodriguez, the defendants who are parties to this appeal. See Practice Book § 61-3. We refer in this opinion to Azpiri, Fonseca and Rodriguez as the defendants.

claims that the court (1) properly determined that she was an invitee at the time of the incident in question and (2) improperly held that the defendants misconstrued the duty owed to her. We affirm in part and reverse in part the judgment of the trial court.

The following procedural and factual history is relevant to our disposition of the plaintiff's claims. The plaintiff brought this action in 2002, seeking damages for personal injuries sustained in November, 2001, when she fell through an opening in the third floor of an unoccupied house that was being renovated. In 2001, Azpiri was the owner of that house, and she and Fonseca hired Rodriguez' company, Moura's Construction and Remodeling, to be the general contractor for the renovation of the house. Additionally, they hired Eric Creto, an electrician, to do the electrical work. Creto, who was otherwise fully employed, contacted an acquaintance, Allesandro DePalma, a licensed electrician, to assist in the electrical work. DePalma was hired with the agreement and knowledge of Fonseca and Azpiri. The plaintiff was DePalma's assistant who helped him perform electrical work on the property. On November 1, 2001, at approximately 7 p.m., while assisting DePalma on the third floor of the property, the plaintiff fell through a hole in the floor and suffered extensive injuries. She subsequently filed this action against the defendants.

Azpiri and Fonseca filed their motion for summary judgment, contending that the plaintiff was aware of the open and obvious condition of the hole through which she fell, and, as such, they owed no legal duty to her. Rodriguez filed his motion for summary judgment on the same ground. On November 27, 2006, the court granted the defendants' motions for summary judgment. On December 8, 2006, the plaintiff moved for rehearing, reconsideration and reargument. The court allowed reargument, but it declined to alter its original

order granting the defendants' motions for summary judgment. This appeal followed. Additional facts will be set forth as necessary.

Prior to examining the plaintiff's claims, we set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 26–27, 930 A.2d 682 (2007).

I

The plaintiff first claims that the court properly determined that she was an invitee at the time of the incident in question.[2] We agree. In its memorandum of decision, the court stated that "the nature of the plaintiff's relationship with the defendants is properly characterized as [that of] a business invitee." The court supported

---

[2] In their motions for summary judgment, the defendants claimed that the plaintiff's status on the property at the time of the incident was at most that of a licensee and, therefore, they satisfied the standard of care owed to a licensee. In its memorandum of decision, the court disagreed, concluding that the plaintiff was a business invitee. Therefore, the defendants have offered as an alternate ground for affirmance the fact that the plaintiff was a licensee, not an invitee.

this statement by stating that "DePalma was a subcontractor, and the plaintiff assisted him. The plaintiff was connected either directly or indirectly with the business dealings relevant to the property. Accordingly, the court finds that the plaintiff was a business invitee."

Fonseca and Azpiri argue that they did not indicate their willingness to have an out-of-work person with no experience in construction come upon the house in the middle of the renovation. Further, they argue that even if an invitation extended to a proper assistant, it did not extend to the plaintiff. Therefore, they contend that the plaintiff merely was a licensee on the property.

"Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact. . . . Where, however, the facts essential to the determination of the plaintiff's status are not in dispute, a legal question is presented." (Internal quotation marks omitted.) *Kolaniak* v. *Board of Education*, 28 Conn. App. 277, 282, 610 A.2d 193 (1992). In the present case, the facts essential to the determination of the plaintiff's status are not in dispute.

The law regarding the definition of an invitee is well established. "Invitees fall into certain general categories. A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. . . . A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." (Citation omitted; internal quotation marks omitted.) *Corcoran* v. *Jacovino*, 161 Conn. 462, 465, 290 A.2d 225 (1971). "The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation, as opposed to permission, from the possessor of land, to enter the land or remain on the land.

Although an invitation itself does not establish the status of an invitee, it is essential to it." (Internal quotation marks omitted.) *Kurti* v. *Becker*, 54 Conn. App. 335, 338, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999).

In the present case, there is no dispute that the plaintiff was invited onto the land by DePalma to assist him in performing electrical work and, therefore, was directly or indirectly connected with the business dealings relevant to the property. The uncontroverted deposition testimony submitted by the parties supports this conclusion. As a matter of law, on the basis of undisputed facts, the plaintiff fell into the category of a business invitee, in that she was invited to enter the land for a purpose directly or indirectly connected with business dealings with the possessor of land. See 2 Restatement (Second), Torts § 332 (3) (1965), and comment (e) ("a workman who comes to make alterations or repairs on land used for residence purposes [is also a business invitee]"). As a result, we conclude that the court properly concluded as a matter of law that the plaintiff was a business invitee in the present case.

## II

The plaintiff also claims that the court improperly held that the defendants owed no legal duty to her. In its memorandum of decision, the court first determined that "the plaintiff's relationship with the defendants is properly characterized as [that of] a business invitee." Additionally, the court held that a possessor of land has "no duty to warn an invitee of a dangerous condition when the invitee has actual knowledge of the condition. . . . The failure to warn an invitee of something he already knows is without legal significance." (Citations omitted.) *Warren* v. *Stancliff*, 157 Conn. 216, 220, 251 A.2d 74 (1968). The court concluded, on the basis of the plaintiff's deposition testimony, that there was no

genuine issue of material fact that "she fully discovered and knew of the danger on the premises." The court stated that the defendants' motions for summary judgment were granted "because there is no genuine issue of material fact surrounding the plaintiff's knowledge of the hole through which she fell, and, therefore, as a matter of law, the defendants did not owe her a duty."

The plaintiff argues that although the property owner has no duty to warn an invitee of an open and obvious danger known to the invitee, he does have a duty "to inspect and maintain the premises in order to render them reasonably safe for the reasonably foreseeable activities which would occur there during the invitee's presence." We agree.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Considine* v. *Waterbury*, 279 Conn. 830, 858, 905 A.2d 70 (2006). The law is clear that "[a] possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Citation omitted.) *Morin* v. *Bell Court Condominium Assn.*, 223 Conn. 323, 327, 612 A.2d 1197 (1992). "The duty to warn, however, does not arise if an invitee already has actual knowledge of the dangerous condition." *Fleming* v. *Garnett*, 231 Conn. 77, 84, 646 A.2d 1308 (1994). In the present case, the plaintiff testified at her deposition that prior to commencing work on the house, she walked through the house with DePalma and another man whose name she did not know. When she was in the house, she observed the opening in the floor and was told that a spiral staircase was going to be placed there. Furthermore, the plaintiff testified that the generator in use upstairs produced enough light in the premises

for her to see the opening for the spiral staircase. She testified that there was no question that she knew the hole was there. The record reveals that the large opening in the floor was a condition of which the plaintiff had actual knowledge. Therefore, the court properly concluded as a matter of law that the defendants did not owe the plaintiff a legal duty to warn of this obvious condition.

Although the plaintiff concedes that a property owner has no duty to warn an invitee of open and obvious dangers actually known to the invitee, she argues that there is an additional duty owed to an invitee other than the duty to warn, namely, the duty to inspect and maintain the premises to render them reasonably safe. We agree.

In the memorandum of decision, quoting *Considine* v. *Waterbury*, supra, 279 Conn. 859, the court stated that "[a] possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . *In addition*, the possessor of land must warn an invitee of dangers that *the invitee could not reasonably be expected to discover.*" (Emphasis added; internal quotation marks omitted.) The court, however, did not analyze the defendants' duty "to reasonably inspect and maintain the premises in order to render them reasonably safe." (Internal quotation marks omitted.) Id. Instead, the court incorrectly stated that because the condition was open and obvious and the defendants owe no duty to warn of dangers of which the invitee has actual knowledge, the defendants owed no duty to the plaintiff.

Here, the plaintiff's argument does not concern the defendants' duty to warn an invitee of the obvious condition of the floor but, rather, their duty to exercise reasonable care to maintain the premises in a reasonably safe condition for an invitee. See *Curran* v. *McCall*,

4 Conn. App. 531, 534, 495 A.2d 731 (1985). Under the common law, a possessor of land owes an invitee two separate duties: the duty to inspect and maintain the premises to render them reasonably safe, and the duty to warn of dangers that the invitee could not reasonably be expected to discover. See *Morin* v. *Bell Court Condominium Assn.*, supra, 223 Conn. 327; *Kopjanski* v. *Festa*, 160 Conn. 61, 65, 273 A.2d 692 (1970) ("The duty which the defendant [property owner] owed to [the plaintiff invitee] was to use reasonable care to see that the premises were constructed and maintained so as to be reasonably safe. *As an adjunct to that duty to use reasonable care* the defendant [property owner] had the duty to warn the plaintiff of dangers which the invitee could not reasonably be expected to anticipate . . . ." [Emphasis added.]). Furthermore, under the common law, only the duty to *warn* is obviated by the open and obviousness of a defect. See *Fleming* v. *Garnett*, supra, 231 Conn. 84. The common law does not hold, however, that a possessor of land need not inspect and maintain the premises if the invitee has knowledge of the dangerous condition. Therefore, pursuant to the common law, a possessor of land has a duty to maintain the premises in a reasonably safe condition, despite the openness and obviousness of a defect of which an invitee has knowledge.

Because the possessor of land owes two separate and distinct duties to an invitee—the duty to inspect and maintain in a reasonably safe condition, and the duty to warn of dangers of which the invitee could not reasonably be expected to discover, the court improperly concluded that the defendants owed no duty to the plaintiff in the present case. Therefore, the defendants were not entitled to judgment as a matter of law, and the court incorrectly rendered summary judgment in favor of the defendants with respect to the duty to

inspect and maintain the premises in a reasonably safe condition.

Because we have concluded that the defendants were not entitled to judgment as a matter of law, the trier of fact must make findings regarding the remaining questions of fact on remand. For instance, although we have concluded that a possessor of land owes a duty to an invitee to inspect and maintain the premises in a reasonably safe condition, the question of "what a reasonable person would have done under the circumstances" is a question of fact.[3] *Considine* v. *Waterbury*, supra, 279 Conn. 859.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

---

[3] In its memorandum of decision, the court acknowledged that there are genuine issues of material fact as to whether the defendants were in possession or control of the property on which the incident occurred. If the trier of fact finds that the possessor of the land failed to satisfy his duty to inspect and maintain the premises in a reasonably safe condition, then the trier of fact will have to find who, exactly, was the possessor of the land, as that is a question of fact. See *Pelletier* v. *Sordoni/Skanska Construction Co.*, 286 Conn. 563, 599, 945 A.2d 388 (2008).