24-288-cv
*Dudzinski v. Kohl's, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-five.

PRESENT:
>       REENA RAGGI
>       BETH ROBINSON,
>       ALISON J. NATHAN,
>               *Circuit Judges*,

───────────────────────────────────

MARY ANN DUDZINSKI,

>       *Plaintiff - Appellant,*

>               v.                                                24-288-CV

KOHL'S, INC., DBA Kohl's Department Stores,

>       *Defendant - Appellee.*

───────────────────────────────────

FOR APPELLANT:                          ALEXANDER T. TAUBES, Law Offices of
                                        Alexander T. Taubes, PLLC, New
                                        Haven, CT.

FOR APPELLEE:                                    ANDREA K. HALLIER (Barry P. Beletsky, *on the brief*), Riccio & Beletsky, LLC, Branford CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Richardson, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 25, 2024, is **AFFIRMED** insofar as the district court entered summary judgment on the duty-to-warn claim, and otherwise **VACATED** and the matter **REMANDED** to the district court for proceedings consistent with this summary order.

Plaintiff-Appellant Mary Ann Dudzinski sued Defendant-Appellee Kohl's Department Stores ("Kohl's") for negligence after she suffered significant injuries due to allegedly dangerous conditions in a Kohl's store. She appeals the district court's award of summary judgment to Kohl's. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I.     BACKGROUND[1]

In January 2020, Dudzinski visited a Kohl's store in Orange, Connecticut, to shop for kitchen gadgets. Dudzinski, who is five feet tall, saw a spatula hanging from a display about seven feet and four inches above the floor. After Dudzinski unsuccessfully tried to reach the spatula, she looked around the store for "a couple of minutes" to see if someone was available to help her. Joint App'x at 53. Finding no one, Dudzinski jumped to reach the spatula, stumbled backward, fell, and severely injured her leg.

Dudzinski later brought an action for negligence against Kohl's in Connecticut Superior Court, alleging that Kohl's failed to take reasonable measures to ensure its customers' safety by, among other things, (1) displaying the spatula at an unsafe and inaccessible height, and (2) failing to warn Dudzinski of the dangers associated with the height of the spatula display. Kohl's removed the action to federal district court. Following discovery, the

---

[1] Except where noted otherwise, these facts are drawn from the summary judgment record and are either undisputed or viewed in the light most favorable to Dudzinski. *See Delaney v. Bank of America Corp.*, 766 F.3d 163, 167 (2d Cir. 2014).

district court granted Kohl's motion for summary judgment.[2] *See Dudzinski v. Kohl's, Inc.*, 712 F. Supp. 3d 294, 300 (D. Conn. 2024).

The district court agreed with Kohl's that "no regulations, standards, or codes" were "violated in the placement of the spatula." *Id.* at 298. But it "decline[d] to hold as a matter of law that displaying merchandise at any particular height above the ground is not a dangerous condition," and concluded that "[a] finder of fact would be entitled to apply common sense and the evidence presented at trial to determine whether the placement of the spatula on the wall was unreasonably dangerous." *Id.* at 299. The district court then concluded, however, that the dangerous condition was "open and obvious" and that Kohl's was entitled to summary judgment with respect to Dudzinski's action in its entirety on that basis. *Id.* at 300. Dudzinski appealed.

---

[2] The parties agreed to have their case heard by a United States magistrate judge pursuant to 28 U.S.C. § 636(c)(1). Accordingly, no district judge entertained objections to the magistrate judge's decision, and we have jurisdiction to hear this appeal of the judgment entered at the magistrate judge's direction. *See id.* at § 636(c)(3).

## II. DISCUSSION

We review the district court's grant of summary judgment without deference.  *See Moreno-Godoy v. Kartagener*, 7 F.4th 78, 84 (2d Cir. 2021).[3]

Kohl's owed Dudzinski the duty of care due to business invitees under Connecticut law.  *See Bisson v. Wal-Mart Stores, Inc.*, 184 Conn. App. 619, 627-28 & n.9 (2018) (recognizing that store customer was a business invitee insofar as she was "invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land").  In particular, the possessor of land has "a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe."[4]  *Gargano v. Azpiri*, 110 Conn. App. 502, 508 (2008) (quoting *Morin v. Bell Court Condominium Ass'n*, 223 Conn. 323, 327 (1992)).  "In addition, the possessor of land must warn

---

[3] At the outset, we reject Kohl's' contention that Dudzinski waived any of the arguments she now raises on appeal.  *See* Kohl's Br. at 4–6.  In her opposition to Kohl's' motion for summary judgment in the district court, Dudzinski raised the same arguments she now presses here:  that Kohl's can be liable for maintaining its premises in an unreasonably unsafe condition even if that condition was open and obvious, and even if Kohl's did not violate any code or regulation.  *See* Dudzinski Mem. of Law in Opp. to Mot. for Summary Judgment, No. 22-cv-216, D.E. 32, at 7–8 (D. Conn. Nov. 17, 2023).

[4] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

an invitee of dangers that the invitee could not reasonably be expected to discover." *Id.*

On appeal, Kohl's does not contest the district court's identification of a genuine issue of material fact as to whether Kohl's' placement of the spatulas was unreasonably dangerous. Rather, the issues on appeal are (1) whether the danger posed by the spatula's placement was undisputedly open and obvious, and if so, (2) whether Kohl's was entitled to summary judgment on all aspects of Dudzinski's negligence claim.

On the first point, Dudzinski contends that the district court erred when it held the danger posed by the spatula's height to be open and obvious. We agree with the district court.

Generally speaking, "the duty to warn … does not arise if an invitee already has actual knowledge of the dangerous condition." *Fleming v. Garnett*, 231 Conn. 77, 84 (1994). As the district court observed, Dudzinski knew the spatula was too high for her to reach; that's why she looked for someone else to help her take it down from the hook. *See Dudzinski*, 712 F. Supp. 3d at 300. But instead of continuing to search for someone to help her, Dudzinski "chose to jump for the spatula." *Id.* The facts that Dudzinski was aware of the height of

6

the spatula, and the danger that she might fall if she tried to reach it without assistance, are supported by Dudzinski's own testimony and are not in genuine dispute.  We accordingly conclude that the placement of the spatulas, and the resulting dangers, were open and obvious as a matter of law.

However, we agree with Dudzinski that the open and obvious nature of the spatula display's dangers is not dispositive of her premises liability claim against Kohl's in its entirety.[5]

In *Gargano v. Azpiri*, the Connecticut Appellate Court considered a similar appeal.[6]  110 Conn. App. at 507-08.  There, the plaintiff was an electrician's employee who suffered extensive injuries when she fell through an opening in the floor of a house undergoing renovation.  *Id.* at 504.  The plaintiff alleged that the homeowners and general contractor breached their duties both to keep the house in a reasonably safe condition and to warn her of dangers that she could not reasonably be expected to discover.  *Id.* at 507-09.

---

[5]  At oral argument on appeal, Kohl's agreed with this proposition.

[6]  Without an authoritative view from the Connecticut Supreme Court, "[t]his Court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion."  *V.S. v. Muhammad*, 595 F.3d 428, 432 (2d Cir. 2010).

The state trial court granted summary judgment to the defendants, holding that "the plaintiff was aware of the open and obvious condition" that caused her injury, and dismissing the case in its entirety. *Id.* at 504. The Appellate Court reversed. It clarified that "a possessor of land owes an invitee two separate duties: the duty to inspect and maintain the premises to render them reasonably safe, and the duty to warn of dangers that the invitee could not reasonably be expected to discover." *Id.* at 510. Crucially, "only the duty to *warn* is obviated by the open and obviousness of a defect." *Id.* Thus, even though the trial court was correct that the hole in the ground was "open and obvious," it overlooked the independent "duty to maintain the premises in a reasonably safe condition, *despite the openness and obviousness of a defect of which an invitee has knowledge.*" *Id.* (emphasis added).

The district court here made a similar error when it dismissed Dudzinski's entire complaint on the basis that the danger posed by the spatula's height was open and obvious. Though Kohl's had no duty to warn Dudzinski of any open and obvious defect, Kohl's still owed Dudzinski its duty to "reasonably inspect and maintain the premises in order to render them reasonably safe." *Id.* at 508 (quoting *Morin*, 223 Conn. at 327).

8

In its briefing, Kohl's distinguishes *Gargano* on the basis that the electrician's assistant's fall through the hole in the floor was reasonably foreseeable, whereas Dudzinski's jumping to reach for the spatula was not. Whether Dudzinski's actions were reasonably foreseeable given the placement of the spatula and the help—or lack of help—provided by Kohl's to customers is a question for the jury. Indeed, at oral argument Kohl's conceded the existence of a duty of care distinct from a duty to warn and the existence of a fact question with respect to whether it breached the former duty to maintain the premises in a reasonably safe condition.

Accordingly, Kohl's was not entitled to summary judgment on Dudzinski's premises liability claim insofar as she alleged a breach of Kohl's duty to invitees to inspect and maintain its premises in a reasonably safe condition. However, because the alleged dangerous condition was open and obvious, she cannot rely on a failure-to-warn theory.

For the above reasons, the District Court's judgment is **AFFIRMED** insofar as the district court entered summary judgment on the duty-to-warn claim and

otherwise **VACATED** and **REMANDED** to the district court for proceedings

consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court